BAILEY<br>*v.*<br>MORRISON.

---

## SEARS, Administratrix, *v.* WILLSON et al.

Where no petition and citation of appeal have been served on the appellee, it must appear from the record that the appeal was granted on motion in open court, or it must be dismissed.

APPEAL from the District Court of Morehouse, *Copley, J. M'Guire, Ray, Hunter,* and *Mathews,* for the plaintiff. *Baker,* for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, who is the appellee, has moved to dismiss the appeal on the ground that, it does not appear on the record that the appeal was granted on the motion of the appellant in open court, as required by the statute in cases where the appeal is not taken by petition and citation served on the appellee. We deem it indispensable to adhere to the requisitions of the act, which dispenses with the service of the petition and citation of appeal, by providing that parties are held to receive notice of an appeal, by motion being made in open court, where, by a fiction of law, they are supposed to be present during the term at which the judgment was rendered. *St. Avid* v. *Pichot,* 3. Annual, 9.

The entries on the minutes contain no motion for an appeal. They indicate great irregularity and looseness, and read thus : " Motion for new trial filed. Motion for new trial overruled. Appeal granted. Bond fixed for a suspensive appeal," &c.

The motion to dismiss must prevail.        *Appeal dismissed.*

---

## ANDERSON *v.* SMITH et al.

A party who obtained possession of the land in controversy, not as owner, but with the consent and authorization of another, cannot maintain a possessory action against the latter.

Parol evidence of third persons of a verbal contract to sell land, will not support an action for specific performance, nor for damages,

APPEAL from the District Court of Jackson, *Copley, J. M'Guire,* and *Ray,* for the plaintiff. *Stillman* and *Collinsworth,* for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiff alleges that he is the owner of eight superficial acres of land, which the defendants illegally withhold from him. He asks to be put in possession of the land, and prays for damages.

ANDERSON
*v.*
SMITH.

One of the defendants has disclaimed all right to the land. The answer of the other is that, he is in possession, since 1845, with the knowledge and consent of the plaintiff; that the said plaintiff made a verbal contract with him, to convey to him sixty acres of land, including the eight acres in controversy, as soon as the mortgage then existing upon said land was raised, and that he went into possession under that agreement; and that the plaintiff fraudulently refuses to execute said contract. The defendant prays that the plaintiff be adjudged to execute this contract, and to pay him damages. The case was tried before a jury, and judgment rendered on the verdict, in favor of the plaintiff, for the land, and $48 damages. The defendant appealed.

The ground on which the appellant mainly relies for the reversal of the judgment is that, this is a possessory action; and that, as he had been in actual possession more than one year when it was commenced, the judgment should have been in his favor.

Whether the action be petitory, or, as alleged, possessory, is immaterial, under the pleas set'up. The defendant has alleged in his answer, and has proved on the trial, that he went into possession of the land in controversy with the consent and authorization of the plaintiff, and holds under him. He did not, therefore, possess as owner, and could not have maintained a possessory action.

In the case of *Marionneaux* v. *Edwards*, 4 An. 103, we held that no action, either for a specific performance, or for damages, would lie on a verbal contract to sell land. This decision, with which we have no reason to be dissatisfied, is conclusive against the defendant, so far as his claims for the land and for damages are involved.

The plaintiff has claimed damages for the wrongful detention of his land by the defendant; the jury allowed $48; and, after perusing the evidence, we are unable to say that they erred.        *Judgment affirmed.*