### Mrs. C. B. Bowers *v.* Thomas Hale.

Sections second and third of Act of 1855, require for the validity of acts of mortage by married women, that the wife should be examined at chambers, by the Judge of the district or parish where she resides, separate and apart from her husband, touching the objects for which the debt is contracted, and that the Judge, upon being satisfied that the debt is solely for her separate advantage or for the benefit of her separate or dotal property, should furnish her with a certificate to that effect, which shall be annexed to the notarial act.

A party interrogated as to whether there was not a balance due him at a certain time, has a right to add to his acknowlegement of such balance, that it no longer exists, having been discharged by payment.

A natural obligation is a valid consideration for payment, and bars a demand for repetition.

Art 2409 C. C. declares that "the wife who has obtained a separation of property must contribute in proportion to her fortune and that of her husband, both to the household expenses, and to those of the education of their children. *She is bound* to support those expenses alone if there remains nothing to her husband," Art. 2412 C. C. means that the married woman shall not bind herself above and beyond the obligations imposed upon her by Art. 2409.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

*W. D. Hennen,* for plaintiff and appellant. *P. E. Bonford,* for defendant.

Buchanan, J., The plaintiff is a married woman, separated in property from her husband, who is proved to be insolvent.

She leased, in her own name, from defendant, a house belonging to the latter, by notarial act before *Graham,* notary public in New Orleans, from the 1st November, 1855, to the 1st of November, 1856, for the yearly rent of twelve hundred dollars, payable monthly, in the manner and by the installments expressed in the Act.

In the same act, the plaintiff acknowledged herself to be indebted to defendant in the sum of three hundred and thirty-eight dollars, for rent to him due and remaining unpaid : and in liquidation of said year's rent, (says the act,) and of the said debt of three hundred and thirty-eight dollars, making together the sum of fifteen hundred and thirty-eight dollars, the said mistress Bowers has given her twelve promissory notes, drawn to the order of and endorsed by herself, countersigned by her husband, and made payable, six for the sum of one hundred and fifty dollars each, in one, two, three, four, five and six months respectively, after date; one for the sum of one hundred and thirty-eight dollars in seven months after date, and five, each for the sum of one hundred dollars, in eight, nine, ten, eleven and twelve months after date." To secure the payment of these notes, the plaintiff, by the same Act, mortgaged to defendant, a negro woman slave named *Violette,* the separate property of plaintiff. The parties afterwards agreed that the lease should terminate on the 1st October, instead of the 1st November, 1856, and the note for the rent of the month of October ($100), was given up by defendant to plaintiff. The sixth note, $150; the tenth, $100, and the eleventh, $100, were protested at maturity for non-payment.

On the 16th October, 1856, *Mrs. Bowers* brought this suit, to annul the mortgage granted by her to defendant, on the ground that it was not clothed with the formalities required by the Act of 1855, (page 255,) to enable married women to bind their separate or dotal property ; and on the further ground, that she was not indebted to defendant in the sum of three hundred and thirty-eight dollars, as alleged in the act of mortgage, but that the same was a debt of her husband, for which plaintiff was not bound. Upon this latter ground, she also demanded restitution of the unpaid notes No.'s 6, 10 and 11, from defendant. De_

fendant pleaded a general denial, and that the plaintiff was separate in property from her husband, who was in insolvent circumstances; and that the premises leased were occupied by herself and family. Also claimed in reconvention the amount of the unpaid notes of plaintiff.

The second and third section of the Act of 1855, referred to in the petition, require, for the validity of acts of mortgage of this kind, that the wife must be examined at chambers by the Judge of the district or parish where she resides, separate and apart from her husband, touching the objects for which the debt is contracted, and that the Judge, upon being satisfied that the debt is solely for her separate advantage, or for the benefit of her separate or dotal property, shall furnish her with a certificate to that effect, which shall be annexed to the notarial act. This formality was omitted in the present case. Whether the Act of 15th March, 1855, governs mortgages made by a married woman *separated by property*, is not necessary for us to decide in this case, inasmuch as the appellee has not prayed for an amendment of the judgment appealed from.

The plaintiff, by a supplemental petition, propounded to defendant interrogatories on facts and articles. The fourth was as follows : " was there not a balance due you on the 1st November, 1855, for the rent accruing before that date ? Was not that balance three hundred and thirty-eight dollars, or thereabout ? If it was not that sum, then state its amount? And was not that balance a balance due on the lease of the premises made by you to *George P. Bowers*, which lease is referred to in the first and second interrogatory ? "

To this interrogatory, the defendant answered : " There was a balance due me for about the amount mentioned in the interrogatory, but that amount (with the exception of fifty dollars) has since been paid. I was about to make a seizure of the furniture for the amount due, when at the special request and instance of *Mrs. Bowers*, I agreed to include the amount in the mortgage referred to in the petition. She promised, in case I would not carry my threat into execution, to pay the balance at the rate of fifty dollars per month, and accordingly some of the notes were given for one hundred and fifty dollars each, so as to include the extra fifty dollars per month to be paid by her on account of the balance. The balance has been paid by the payment of five of the one hundred and fifty dollar notes, in which it was included."

On trial, plaintiff's counsel moved to strike out all that portion of this answer, commencing with the words " but that." The motion was refused, and a bill of exceptions taken.

The question propounded was, whether a balance was due on the 1st November, 1855, upon *George P. Bowers'* lease of the premises in question for the year preceding the 1st November, 1855. The response to this question was, that there was such a balance due at the date mentioned, but that the said balance had been paid, with the exception of fifty dollars. The remainder of the answer is an explanation of the manner in which payment had been made.

We think the party interrogated had the right to add to his acknowledgement of a balance due at a certain time, his declaration that the balance no longer existed, having been discharged by payment. Civil Code, Art. 2270 ; Code of Practice, Art. 353 ; 5th Martin, 667 ; 11 Martin, 222 ; 3 A. 648, and the cases there cited.

No attempt was made to rebut the answers of the defendant to interrogatories. It is, therefore, proved, that there was a balance due on the rent of the house occupied by plaintiff and her family, for the year ending the 1st November, 1855,

and that the said balance was nearly all paid by plaintiff previous to the institution of this suit. This is not an action to recover back money paid in error. It was upon that ground the District Judge rejected the greater part of the plaintiff's money demand. But as some members of the court are of a different opinion, (there being a prayer for general relief,) we will consider the case as if the plaintiff had demanded a restitution of the money paid, as well as the cancellation of her unpaid notes. And we think that both demands should be rejected, upon the matters pleaded in the answer, which being established by the proof and admissions, show, first, a natural obligation on the part of plaintiff, which is a valid consideration for the payment and bars the demand in repetition; and secondly, a legal obligation, under Art. 2409 of the Civil Code, for the rent of the premises occupied by plaintiff and her family in the year 1855 and 1856. The plaintiff's obligation to pay the rent of 1856, is indeed not disputed. But that for the previous year's rent is equally clear.

In fact, this record presents the very case of the Art. 2409 of the Code. That Article says : "The wife who has obtained the separation of property, must contribute, in proportion to her fortune, and to that of her husband, both to the household expenses, and to those of the education of their children. *She is bound* to support those expenses alone, if there remains nothing to her husband." The plaintiff declares herself, in the notarial act of the 1st November, 1855, to be separated in property from her husband. The record of the suit of plaintiff against her husband for separation of property is in evidence. It was admitted on trial, that during the years 1855 and 1856, and up to the present time, there were numerous judgments unsatisfied, to a considerable amount, against her husband. She stated, therefore, nothing but the truth, when she declared herself in the notarial act, to be justly and truly indebted to defendant in the sum of three hundred and thirty-eight dollars for rent unpaid upon the previous year; for that rent came most clearly under the denomination of household expenses, and the balance due was about one-fourth of the year's rent. The insolvency of plaintiff's husband being admitted, and the possession of property in herself being proved, she was bound, under the law, to pay, not merely the fourth, but the whole of the rent. The Article 2412 of the Code, is therefore applicable to this case. For we have here an obligation which existed anterior to, and independently of her contract; an obligation imposed by the law, and which might have been enforced against her, had she never given her notes to plaintiff. The juxtaposition of the two Articles 2409 and 2412, forbids the idea of their inconsistency. The latter of the two, is to be taken to mean, that the married woman shall not bind *herself* above and beyond the obligations imposed upon her by the former.

It is a rule in the interpretation of statutes, universally recognised, that effect must be given to every part of the statute. And it may be safely asserted, that it is impossible to imagine a case to which the Art. 2409 will apply, if not to the case now under consideration. Reject its application here, and you expunge it from the statute book.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed; and it is further decreed, that the costs of appeal be paid by plaintiff and appellant.

Merrick, C. J., dissenting. The case is correctly stated by the District Judge. He says:

"Plaintiff sues for the annulment and erasure of a mortgage given by her to defendant to secure the payment of certain notes for rent, and for the cancellation

of, and delivering of three of said notes yet unpaid by her, on the grounds that said act of mortgage was not executed in accordance with the provisions of the Act of 15th March, 1855, and that the notes thus given and secured, included the sum of $338, the amount of a debt due by her husband to defendant, which she was induced to assume, and for which she contends she is not liable."

The act of lease and mortgage shew that the sum of $338 was added to, and included in the notes given for the rent, and the answers of defendant admit that plaintiff's husband owed him a balance of $338, which, at the request of plaintiff, he agreed to include in the mortgage, and which she agreed to pay at the rate of $50 per month, but he states that this balance, except $50, has been paid, and the question is whether or not plaintiff is to pay the $300 which defendant alleges is yet due on her contract of lease. She admits owing a balance of $12."

"The sum of $338, from which plaintiff seeks to be released as the debt of her husband, was added to the yearly rent and twelve notes given for the total, secured by mortgage on certain slaves of the plaintiff, but the defendant contends, and so states in his answers to interrogatories on facts and articles, that the said sum of $338 was distributed in among the seven first notes, all of which have been paid except the sixth, and that consequently he is not bound under the pleadings to refund, but is entitled to judgment for the notes yet unpaid."

"Plaintiff contends that having assumed an obligation illegal and prohibited, she should be relieved from the amount thereof out of any portion not yet paid and asks that these notes be declared null."

The District Judge came to the conclusion, that as the $338 was apportioned among the first seven notes, and all of them had been paid except one, that he could only relieve the plaintiff for the fifty dollars of the husband's debt, supposed to be contained in that note, and he rendered a personal judgment against the plaintiff for the residue of the three notes remaining unpaid upon the plaintiff's reconventional demand.

The contract entered into between plaintiff and defendant, was a single act containing several stipulations securing certain promissory notes in favor of defendant. Among others, it contains a stipulation reprobated by our law, viz : that the wife should pay a debt of her husband for $338, C. C. 2412.

The defendant says, true it is, that the wife was not bound for this debt, but as I distributed this amount among the first notes, and she has paid all but one, she cannot recover the money back, and as to the other notes, I am entitled to your judgment in my favor, as they relate to other portions of the contract. This reasoning appears to me to be falacious. The defendant admits, by this reasoning, that by the contract which he now asks us to enforce, he has committed a wrong to the plaintiff, and equity requires that courts of justice should not permit him to obtain an unjust advantage by a contract which he seeks to enforce. The legal or equitable maxims that " no man shall be permitted to take advantage of his own wrong," and " he that asks equity must do equity," ought to control this case. See also *Theriet & Baron* v. *Voorhies*, 12 A. 852. I do not understand that it was contested that the wife was bound for the rent prior to the act of mortgage.

The prayer for general relief, and the oral general denial to the reconventional demand, enable the court to render justice upon the merits.

I think the judgment ought to be reversed, and that there should be judgment in favor of defendant on the reconventional demand for $12.

See case of *Provost* v. *Provost*, 5 An. 572.

LAND, J., concurred in this opinion.