HOWELL, J., recused.

WILLIAM HALSMITH *v.* BERNARD CASTAY.

Parol testimony cannot be received to establish a contract of sale of immovables, or show damages resulting from the non-compliance of the vendor in refusing to pass the act of sale. Even a promise to sell must be proved in writing.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *J. L. Tissot* for defendant and appellant.

LABAUVE, J.    Plaintiff alleges, in substance, that, on the 9th day of October, 1860, the defendant agreed and contracted to sell him certain lots of ground and buildings thereon, for $3,000; that, on the 25th day of October, 1860, the said Castay refused to comply with the terms of sale and execute the act of sale, in consequence of which, he, the said plaintiff, has suffered damages to the sum of three thousand five hundred and fifty dollars, which the said defendant is legally and equitably liable to pay him.

He prays that said Castay be cited and ordered to comply with said contract of sale, or to execute the act of sale ; or, in default thereof, to pay petitioner $3,550, with interest.

The defendant, for answer, by way of peremptory exception, says that plaintiff's petition discloses no right of action, and, should this exception be over-ruled, then he pleads a general denial.

Upon this issue, this case came on for trial below, when plaintiff offered to prove, by divers witnesses, the allegations set forth in his petition. Defendant excepted to reception of said parol evidence to establish a con-

tract of sale of lots, as alleged in the petition, upon the ground that pa-
rol evidence could not be received, the law requiring written evidence.
The plaintiff also offered parol evidence to show the damages suffered by
him in consequence of the defendant refusing to comply with his agree-
ment.   The defendant objected to the said parol evidence.   The court
over-ruled the objection and admitted the testimony, and the defendant
excepted to the decision of the court.

We are clearly of the opinion that the District judge erred in receiving,
in the first place, parol evidence to establish a contract of sale of immova-
bles, and, in the second place, to show damages resulting from the non-
compliance of defendant in refusing to pass an act of sale of the lots in
question.   C. C. Arts. 2255, 2414, 2415.   Even a promise to sell must be
proved by writing. C. C. Art. 2437; 1 An. 459; Hennen's Digest, p. 525,
Evidence, 14, Nos. 1 and 2; same work, p. 526. No. 14.   It is not an open
question, and the jurisprudence is settled on that subject.

It is therefore adjudged and decreed that the judgment of the District
court be annulled and reversed.   It is further adjudged and decreed that
plaintiff's demand be rejected, and that he pay costs in both courts.