No. 7582.

MRS. CATHERINE GRANT ET AL. VS. MRS. CATHERINE MAIER, ADMINISTRATRIX, $\frac{32}{105}$ $\frac{51}{110}$
AND WM. A. MOORE, TUTOR.

A natural tutrix who remarries without convoking a family meeting to advise as to her con-
tinuance as tutrix *ipso facto* ceases to be tutrix, and thenceforth she is without power to
bind the minor by any acknowledgment express or implied.   She cannot, for example,.
interrupt the prescription of a note on which the minor is bound, by paying interest on
and obtaining renewals of the note.

The payment of interest on a note binding on minors, made by their tutrix, does not suspend
prescription for the term of her gestion.

Where one as tutrix of her minor children, and after she ceases to be tutrix, makes renewals
of a note on which the minors, and she as widow in community, are bound, the renewals
will interrupt prescription as to her.

The authority of the husband is not required to enable the wife to pay interest on the debt
due by her separate estate.

APPEAL from the Fourth District Court, parish of Orleans.   *Houston,*
J.

*Horace L. Dufour* for plaintiffs and appellees.
*Dalton & Walker* for defendants and appellants.

---

H. L. Dufour, for plaintiffs and appellees, contended :

First—That there is no law preventing an administrator from renewing
notes considered by him as valid, if he deems it the best policy in
the course of a prudent administration.   The only prohibition is.
against changing the nature of an obligation, or creating a new re-
sponsibilty.   12 R. 16 ; 9 R. 276.

Second—That if the renewals previous to Catherine Maier's second
marriage (March 12, 1873,) were made by her as administratrix of
her first husband's succession, then the property is bound for such,.
though her official capacity does not appear from the signature..
If, on the contrary, she signed the note in her personal capacity as.
widow in community, her share is still liable for one half of the-
debt.

Third—That the interests of minors might be lost through the action of
one who had been tutrix, but who had ceased to be such when the:
act was consummated.   31 A. 52.

Dalton & Walker, for defendants and appellants, contended :

First—That at no time before her second marriage did Catherine Maier,. ·
in her capacity as tutrix, interrupt the prescription of the note ;.
that she was the widow in community, and every renewal previous
to that time is in her own name.   She was never authorized by the
court to renew the note as tutrix ; and she never did so of her own

volition. She acted for herself, individually, as widow in community. Minors are not to be bound by conjectures and implications, when the mother was plainly acting in her own behalf.

Second—That when the widow in community renewed the note, after she became the wife of Schadele, she was no longer tutrix, or administratrix, and hence her renewals of the note, as such, were not binding on the minors.

Third—That even if she had renewed the note, in her capacity as tutrix, previous to her second marriage, the most that can be said is, that in such a case the note would have been subject to the same prescription that attends the renewal of every other promissory note. 9 A. 15 ; 12 R. 511 ; 16 A. 422 ; 20 A. 345.

Fourth—That a married woman cannot renew a note without the authority of her husband. 17 A. 299 ; C. C. 3462 ; C. C. 1782.

The opinion of the court was delivered by

WHITE, J. The plaintiffs seek to enforce the payment of a note of Christoph Maier, deceased, which became due March 30, 1870. Mrs. Maier, formerly widow in community of Maier, now the wife of Schadele, and Wm. A. Moore, tutor of the minors Maier, oppose the prescription of five years. The case is twofold. We will first determine it as to Moore, tutor. Maier, the maker, died in January, 1870. His widow qualified as tutrix of her minor children. As such she paid the interest on the note April 2, 1870, 1871, and April, 1872, the note when the last payment was made having been extended to 30th March, 1873. In June, 1872, she filed, as tutrix and administratrix, an account in which she debited herself with the payment of interest made in April, 1871, and 1872. The note then, as we have seen, was by the last payment extended to March 30, 1873. In March, 1873, the Widow Maier married Schadele without convoking a family meeting to advise as to whether she be continued in the tutorship. In April, 1873, she paid interest and renewed the note for one year, signing the renewal as Catherine Maier. In 1874 she did the same thing, signing, however, as Catherine Maier, tutrix and administratrix. She renewed in like manner in 1875, and paid interest, obtaining renewals for 1876 and 1877. The maturity of the note having thus been brought to March 30, 1878, it was clearly not prescribed when the present suit was brought, on the 23d March, 1879, if the renewals operated as interruptions of prescription *quoad* the minors. It is contended that those made after the marriage did not, because, owing to the failure to convoke a family meeting, the tutrix *ipso facto* ceased to be such, and as a consequence ceased to have power to represent the minors, or to bind them by any acknowledgment, express or implied. We are reluctlantly compelled to give our adhesion to the proposition.

We say reluctantly, not with reference to the abstract legal proposition,. but to the consequences of its present application; for the evidence shows that the indulgent creditor was unaware of the second marriage while the various renewals were being made, and by which he was deluded. That a natural tutrix who remarries without convoking a family meeting is *ipso facto* removed, results from the unambiguous text which has been often applied. C. C. 254.

If, then, the remarriage under the facts disclosed here operated by the sole legal force of things the vacation of the tutorship, Mrs. Maier was. not the tutrix. If she was not, she was without power to bind the minors by an acknowledgment. If without power, no interruption resulted *quoad* the minors. The deduction seems inevitable from the premise, which is the text of the Code. It said, relying on Renshaw vs. Stafford, 30 A. p. 853, that as Mrs. Maier was tutrix administering, and as in her account she acknowledged having paid interest on the note in. 1871 and 1872, the prescription thereagainst became suspended until the; termination of her gestion.

The admission of this proposition would entail as a legal conclusion that debts could never prescribe against minors during tutelage. The doctrine in Renshaw's case proceeded upon the theory that property under administration was *in gremio legis*, impressed with the seal of the court, and held by a common agent of all for the benefit of all. Such is not the case with a tutrix, who holds for the minors. True, a tutrix may administer, if the creditors are silent; but her possession is none the less that of the beneficiary heirs, whose right to possession does not depend on a previous administration. Soye vs. Price, 30 A. 93.

As to Mrs. Widow Maier, wife of Schadele, we are clear that the renewals operated an interruption of course for her half as widow in community only. It is said that as without the payments or renewals made after the second marriage prescription has accrued, and as the payments of interest after the second marriage are not shown to have been made by the authority of the husband, therefore they are null ;. hence the note is prescribed. The authority of the husband was not required to enable the wife to pay interest on the debt due by her separate estate. Brooks vs. Wigginton, 14 A. 676. Of course the renunciation of prescription is an act of alienation. But not so with interruption.

The judgment below is reversed as to the opposition of W. M. Moore, tutor, and affirmed as to Mrs. Widow Catherine.Maier, now wife of Schadele. That the right of plaintiff to enforce one half of the note upon one undivided half of the mortgaged premises be and the same is. hereby recognized. The costs below to be equally divided, as also those of the appeal, between the plaintiffs and Mrs. Catherine Schadele.