SOMMERVILLE, J.
Plaintiff, on her brief, states .the case as follows:
“The facts in the case are that on October 11, 1913, the plaintiff and appellee paid to the defendant the sum of $260 to bind the intending purchase on the part of plaintiff of a piece or portion of .ground, in the city of New Orleans, * * * which property was to be purchased for the -sum of $2,625; $2,000 of which was to be paid in cash, and the balance in five years, with six per cent, interest.
“Petitioner desired to recede from said agreement, and instituted the present action to have the said deposit returned to her, and to have the agreement entered into October 11, 1913, annulled and canceled.
“The ground set up by your petitioner is that she is a married woman, not judicially separated from her husband; and that the earnest money deposited by her was her separate and paraphernal money, under her separate administration and control and separately acquired; and, be *350 ing a married woman, what had been paid by her on account of a null contract could be recovered.”
In her petition plaintiff states that, “though not judicially separated from her husband,” she “has not seen or heard from him in more than five years;” and that the agreement to purchase the property above referred to was in writing, signed and executed by her and defendant; and the payment and receipt of the earnest money was acknowledged in said written document.
There was judgment in favor of petitioner, which was affirmed by the Court of Appeal for the parish of Orleans, and defendant has asked that the matter be reviewed.
The Code provides, in article 122:
“The wife, even when she is separate in estate from her husband, cannot alienate, grant, mortgage, acquire, either by gratuitous or incumbered title, unless her husband concurs in the act, or yields his consent in writing.”
And, if a wife enters into a contract forbidden by article 122, proceedings to annul such act, for want of authority by the husband, may be instituted by the husband or wife, or by their heirs. Article 134, C. O.
As plaintiff was not authorized by her husband to enter into the contract referred to, she had the right to institute this proceeding to have it annulled; and the judgments annulling the contract to buy the real property are correct.
But plaintiff- has also sued for the recovery of the earnest money which she paid to bind the contract of sale.
The incapacity of the wife to enter into a contract without the authorization of her husband, or of the judge, does not render the contract an absolute nullity. The incapacity may be removed, and unauthorized contracts may be made valid by the authorization of the husband, or, in cases provided by law, by that of the judge. And such contracts, like the acts of minors, may be made valid after the marriage is dissolved, either by express or implied ratification. Civil Code, art. 1786.
They are relatively null; and suit may be instituted to annul such acts by the husband, or the wife, or by their heirs. But a different proposition is presented when the wife attempts to collect money which she has paid under a contract, where she was not authorized by her husband to make such payment.
A contrary doctrine appears to have been announced in the case of Dranguet v. Prudhomme, 3 La. 74. The case is there stated to be:
“That the said Celeste Dranguet was never legally authorized or empowered by her said husband, Benjamin Dranguet, or by any competent authority, to contract for the -purchase of said land, or to affect in any manner her dotal property.”
The court say:
“The question already alluded to, which the case presents, grows out of the- pleadings. The plaintiff insists that she is not required to prove (that) she was not authorized. That the proposition is a negative one, which throws the burden of proof on the defendant.”
The defendant presented the opposite view; and that was the only question in the ease which was argued and discussed. In the course of the opinion it is stated: “The law, it is admitted, prohibits the wife from contracting, unless authorized by her husband or by the judge; and, if she does contract without their permission or approbation, she has the right to have the contract set aside;” and the court did not consider the question as to whether the wife or husband had the right to recover that portion of the purchase price which she had already paid. The judgment was in her favor, annulling the contract according to the .recited agreement; and there was further judgment for the money which she had paid on the contract price.
[1] The Civil Code provides, in article 2463:
“If the promise to sell has been made with the giving of earnest, each of the contracting parties *352 is at liberty to recede from the promise, to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.”
Mrs. Wagnon paid $260 earnest money to bind the sale under consideration, and she had the right to recede from the promise to buy; but the earnest which was given by her was forfeited under the law when she so acted.
[2, 3] The law is that the paying of earnest money to bind a sale is a natural obligation; and, while a natural obligation may not be enforced by suit, the voluntary payment thereof will not give rise to a cause of' action. O. C. art. 1759, says: “No suit will lie to recover what has been paid, or given in compliance with a natural' obligation.” And the contracts of married women, made without the authorization of their husbands, are said to be natural obligations, under article 17 of the Code of Practice, which is as follows:
“Natural obligations give no right of action, but what has been paid pursuant to those obligations is not subject to repetition.
“Those are natural obligations for which the law gives no right of action; they arise on contracts entered into by persons who, though possessed of sound discretion and judgment enabling them to make contracts, are nevertheless disqualified by law from contracting, as are the contracts of married women made without the authorization of their husbands.”
There is no allegation that the plaintiff was not possessed of sound discretion and judgment, sufficient to enable her to make contracts with reference to her paraphernal funds; and the contract she entered into was not therefore absolutely null and void; it was not like a contract entered intp by a minor or other person who is presumed not to have sound discretion and judgment, and whose contracts cannot be enforced, unless ratified after the disability has been removed. She was disqualified from making the contract, but having made it there arose a natural obligation to pay the purchase price; and the payment by her of earnest money to bind the sale was the discharge of a natural obligation, and she has no right of action for its recovery.
The money paid by plaintiff in this case was her separate property, and she sues for it as such. Article 2334 of the Civil Code, as amended by Act No. 170, 1912, p. 310, in part, provides as follows:
“The earnings of the wife when living apart from her husband, although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses, and the property purchased with all funds thus derived are her separate property.”
Community funds are not involved in this case. Plaintiff is suing for the recovery of money paid by her, when her husband had been absent for more than five years, and from whom she had not heard during that time.
In the case of Bowers v. Hale, 14 La. Ann. 421, where the plaintiff, Mrs. Bowers, sued to recover certain money which she had paid, on the ground that the notes represented, in part, portions of money for house rent due by her husband, who was then in insolvent circumstances, the court say:
“We will consider the case as if the plaintiff had demanded a restitution of the money paid, as well as the cancellation of her unpaid notes. And we think that both demands should be rejected upon the matters pleaded in the answer, which, being established by the proof and admissions, show, first, a natural obligation on the part of plaintiff which is a valid consideration for the payment, and bars the demand in repetition ; and, secondly, a legal obligation, under article 2409 of the Civil Code, for the rent of the premises occupied by plaintiff and her family in the years 1855 and 1856. The plaintiff’s obligation to pay the rent of 1856 is indeed not disputed; but that for the previous year’s rent is equally clear.”
Tbe case involved tbe payment of rent, where, because of tbe insolvency of tbe bus-band, and bis failure to pay rent for a portion of tbe previous year, tbe bouse was *354 leased by tbe wife, wbo was separate in property, for tbe subsequent year; and tbe court beld that sbe was equally obligated with ber husband to contribute, in proportion to her funds, to the household expenses and to those of the education of their children. The unpaid portion of the rent for the previous year, due by the husband, and embraced within the notes for the current year, had all been paid, with the exception of $50; and the court held that that amount of money, due by the husband and paid by the wife, could not be recovered in a suit by the wife. She was relieved from paying the balance of $50.
Again, in the case of Grant v. Maier, 32 La. Ann. 51, where a married woman pleaded prescription to a note signed by her while she was a widow, and upon which she paid interest, without the consent or authorization of her second husband, the court held such payment interrupted prescription; and judgment was rendered against her for the amount of the notes signed by her.
When Mrs. Wagnon paid the $260 as earnest money on a written promise to buy real estate, without the authorization of her husband, she discharged a natural obligation, and she will not be allowed to recover what has been paid thereunder.
It is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court be affirmed in so far as they set aside the contract to buy, entered into between plaintiff and defendant on October 11, 1913; and that they be set aside in so far as there was judgment in favor of plaintiff and against defendant for the return of the earnest money paid by plaintiff to defendant. It is further ordered, adjudged, and decreed that there now be judgment in favor of defendant and against plaintiff, dismissing plaintiff’s demand for $260; and as thus amended the judgments are affirmed.