(96 South. 501)

No. 25646.

In re RHYMES' TUTORSHIP.

Opposition of PATTERSON.

(April 2, 1923.    Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

Guardian and ward ⊜⇒10—Tutorship; statute disqualifying mother remarrying without calling family meeting held superseded.

Civ. Code, art. 254, under which mother forfeits her right of tutorship if she remarries without calling family meeting was superseded by Act No. 34 of 1921, giving women the same rights, authority, privileges, and immunities as men in the holding of office, including the civil function of tutor, etc.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Proceedings for the appointment of 'a tutor for Louise Rhymes, minor, on the application of R. R. Rhymes, opposed by Mrs. Florence Patterson. From a judgment recognizing the opponent as natural tutrix, the applicant appeals. Affirmed.

Ellis & Ellis, of Rayville, for R. R. Rhymes.

Stubbs, Theus, Grisham & Thompson, of Monroe, for opponent.

ST. PAUL, J. The minor, Louise Rhymes, was the daughter of Richard C. Rhymes and Florence Kronjager. After the death of the father, the mother remarried. Thereafter one of the paternal uncles of the minor applied for and obtained a family meeting to recommend a tutor for said minor. The family meeting recommended another paternal uncle for tutor, and thereupon the mother opposed the appointment and applied to the court to be recognized as natural tutrix. Her prayer was granted, and the uncle who provoked the family meeting appeals.

I.

The appointment was made under the provisions of Act 34 of 1921 by which women are given—

"the same rights, authority, privileges and immunities, and are required to perform the same obligations and duties, under the law, as men possess and are required to perform, in the holding of office, including the civil functions of tutor, undertutor, administrator, executor, arbitrator, notary public, and member of family meeting."

Now one of the rights, privileges, and immunities which a father enjoys in connection with the tutorship of his minor children, is that he is not deprived of their tutorship, given to him by nature and by law, by the fact of his remarrying after the death of his wife. But the statute provides that, in the matter of tutorships, women shall have the same rights, privileges, and immunities as men; and to deny the wife the right to retain the tutorship of her children upon remarrying would be to deny her a privilege and immunity enjoyed by the husband.

Hence we think that the act supersedes the provisions of article 254 of the Civil Code by which a mother forfeits her right to the tutorship of her children, if she remarry without calling a family meeting to retain her therein.

We are therefore of opinion that the judge did not err in appointing the mother natural tutrix of her minor child, notwithstanding her remarriage.

Decree.

The judgment appealed from is therefore affirmed.