### (100 South. 289)

### No. 24566.

### McCREIGHT et al. v. LEAVEL.

#### (April 30, 1924.)

*(Syllabus by Editorial Staff.)*

Deeds ⚖︎17(5)—Sales; natural obligation sufficient consideration although barred by prescription.

Where it was sought to set aside a deed for want of consideration, it was error to exclude evidence showing indebtedness due by plaintiffs to establish a natural obligation as consideration for the deed, notwithstanding the indebtedness was barred by prescription; such consideration being sufficient to support a deed, in view of Rev. Civ. Code, art. 1759, 1846(6), 2133, 2303.

Appeal from Sixth Judicial District Court, Parish of Morehouse; W. B. Stuckey, Judge ad hoc.

Action by Mrs. Salmye McCreight and another against Mrs. Christine Leavel. Judgment for plaintiffs, and defendant appeals. Remanded, with directions.

John M. Munholland, of Monroe, for appellant.

J. T. Shell, of Bastrop, for appellees.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

LAND, J. On November 16, 1881, the commercial firm composed of T. O. Leavel, L. F. Leavel, Mrs. Lizzie Leavel, and Mrs. M. J. Bussey, purchased from Mrs. M. J. Ballard, through T. O. Leavel acting as agent for said firm and its individual members, the following described tract of land: E. ½ of N. W. ¼ & S. W. ¼ of N. W. ¼ and N. E. ¼ of S. W. ¼ of section 7, township 20 north, range 6 east. Mrs. Lizzie Leavel, wife of L. F. Leavel, died intestate several years ago, and there was no administration of her estate. On May 3, 1918, Mrs. Salmye McCreight and Mrs. Fay Whitehurst, sole surviving heirs of Mrs. Lizzie Leavel, conjointly with their father, L. F. Leavel, made a deed to this property to Mrs. Christine Leavel, surviving widow of T. O. Leavel, and defendant in the present suit. L. F. Leavel and his two daughters have brought the present action to have said deed declared null and void, on the ground that it was executed by them in error of fact and of law and without consideration. Petitioners further allege that they were under no obligations, natural or otherwise, unto the said Mrs. Christine Leavel at the date of the signing of this deed.

Petitioners also claim the sum of $2,500, their alleged interest in the purchase price of $7,000 for the sale of timber from said tract of land by defendant, Mrs. Christine Leavel.

Defendant in her answer specially denies that the deed from plaintiffs to her of date May 13, 1918, was executed through error of law or of fact, or without consideration.

Defendant also avers in her answer that Mrs. Lizzie Leavel, the mother of the two plaintiffs, and L. F. Leavel, the other plaintiff, as members of the commercial firm of T. O. Leavel & Co., were, at the death of T. O. Leavel, and still are, indebted to T. O. Leavel in the sum of $5,000 on account of large sums of money paid by T. O. Leavel to the creditors of T. O. Leavel & Co., which firm was hopelessly insolvent; that, in addition thereto, the said L. F. Leavel and the said Mrs. Lizzie Leavel and the community existing between them were further indebted in their individual capacities to T. O. Leavel in certain sums, evidenced by certain notes bearing 8 per cent. per annum interest from date, and aggregating the sum of $2,484.15, and that said indebtedness is a valid and existing debt due by plaintiffs to respondent as widow in community with T. O. Leavel and to their surviving children.

Defendant further alleges in her answer that the notes, books, and accounts receivable of T. O. Leavel and T. O. Leavel & Co. were delivered to L. F. Leavel as attorney for liquidation and collection, and that no accounting of his gestion, either as attorney or as partner, has been rendered to respondent.

Defendant further avers that on account of the inability of the plaintiff, L. O. Leavel, or of Mrs. Lizzie Leavel during her lifetime to pay said indebtedness, it was understood that they relinquished all rights to said property, which at the time was abandoned by them and considered valueless; and that, since the death of T O. Leavel, defendant has paid all taxes levied against said property. Defendant has set up this indebtedness in her answer for the purpose of showing that, although the same may be prescribed, yet there is a natural obligation existing to pay same, and that such obligation is a sufficient consideration for the sale made to her by plaintiffs.

This defense was necessitated by the averment of plaintiffs that said sale was made without consideration. Although a natural obligation cannot be enforced by action, yet such obligation is a sufficient consideration for a new contract. R. C. C. arts. 1759, 2303, 2133, 1846 (6).

Defendant on the trial of the case tendered testimony and documentary evidence in support of the proof of the indebtedness

due by plaintiffs, as alleged in her answer, for the purpose of establishing a natural obligation as the consideration for said sale; but these offerings by defendant were objected to, and excluded by the trial judge ad hoc.

This was error. The effect of the ruling was virtually to strike out of defendant's answer her main defense to the suit, the existence of a natural obligation as a sufficient consideration for the sale attacked.

The testimony in the case being conflicting upon the point of error of law and of fact, in the execution of said sale by plaintiffs, we deem it necessary to remand the case for the admission of the rejected testimony.

It is therefore ordered that this case be remanded to the Sixth judicial district court of the parish of Morehouse, and that said case be reopened for the reception of evidence of the indebtedness alleged and claimed to be due by plaintiffs in the answer of defendant, with the reservation of the right of plaintiffs to rebut the testimony offered by defendant.