(116 So. 389)

No. 26990.

## Succession of LE BLANC.

## Opposition of MANUEL HEIRS.

March 12, 1928.

*(Syllabus by Editorial Staff.).*

1. **Appeal and error** ☞424—**Citation of appeal may be served on appellee's attorney of record, regardless of appellee's residence (Act No. 179 of 1918, § 1, subsec. 16).**

Under Act No. 179 of 1918, § 1, subsec. 16, as to service of all other process in the suit after suit has been brought and defendant has appeared by counsel, service of citation of appeal, which theretofore had to be on appellee, if residing in the state, may be on appellee's attorney of record, irrespective of appellee's residence.

2. **Guardian and ward** ☞9—**Tutorship; mother held not reinstated by mere subsequent passage of enabling act in tutorship of her children which she had forfeited by second marriage without family meeting (Civ. Code, art. 254; Act No. 34 of Ex. Sess. 1921).**

A widow, who, under Civ. Code, art. 254, forfeited tutorship of her children by remarrying without calling a family meeting to retain her therein, was not reinstated therein by the mere subsequent passage of Act No. 34 of Ex. Sess. 1921, which would have prevented the forfeiture had its passage been prior to the remarriage, so that a reappointment of the mother, which, since the passage of the Act of 1921, may be as natural tutrix, is necessary.

Appeal from Twenty-Second Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Succession of E. J. Le Blanc. On opposition of Manuel Heirs. From judgment rejecting the opposition, the opponents appeal. Judgment annulled, and opposition dismissed.

Augustus G. Williams and Irwin F. Williams, both of New Orleans, for appellants.

Cappel & Planche, of Covington, for appellee.

OVERTON, J. Emile J. Le Blanc died on December 1, 1923, testate. He left to his daughter, Alice Le Blanc, widow of William Youngblood, whom he appointed executrix, all that part of his estate that he could dispose of by last will and testament, in addition to the part she was entitled to by law, and the rest of his estate he bequeathed to his legal heirs, without naming them, to be divided share and share alike.

Le Blanc was married twice. By his first marriage he left two children, one of whom is Alice Le Blanc, now Mrs. Youngblood, and Emile Le Blanc. His first wife died in 1885, and in 1887 he married Catherine Orfila. One child, Edward Le Blanc, was born of this marriage. Not very long after Le Blanc's second marriage was contracted it was dissolved by divorce, and his wife married again. In 1911 Edward Le Blanc, the child of the second marriage, under the name of Edward J. Manuel, married Gertrude Dudenhorff, Manuel being his stepfather's name. Three children were born of this marriage, Clarence, Harold, and Edward Manuel, or Le Blanc.

Edward J. Manuel or Le Blanc died in 1919, and his widow qualified as natural tutrix of the three children, named above, who are the issue of her marriage with Manuel. In January, 1920, Mrs. Manuel, without having a family meeting held for the purpose of being retained as natural tutrix of her children, married again, this time marrying L. Berger.

In the course of time the testamentary executrix of Le Blanc's estate filed a final account. She carries the creditors of the succession in this account, and proposes to settle with them, but does not undertake to distribute anything among the legatees or heirs. The three minor children, the issue of the marriage of Edward J. Manuel, or Le Blanc, with Gertrude Dudenhorff, through their mother, who is now Mrs. Berger, and who alleges herself to be their tutrix, and through their stepfather, who alleges himself to be their cotutor, filed an opposition to the ac-

count of the testamentary executrix on the ground that, as forced heirs of Emile J. Le Blanc, they should be placed on the account for their part of his estate.

The testamentary executrix excepted to this opposition on three grounds: (1) Because Mrs. Berger and her husband are without legal right or authority to file the opposition and to stand in judgment for said minors; (2) because the opposition does not disclose a cause of action; and (3) because there is nonjoinder of proper parties defendant. These exceptions were overruled, and the testamentary executrix filed an answer to the opposition. The account filed by the executrix was homologated so far as it was not opposed, and later the present opposition was tried. The trial resulted in the rejection of the opposition, and the opponents have appealed from the judgment rejecting it.

[1] The testamentary executrix has moved to dismiss the appeal on the ground that service of citation of appeal was not legally made. The appeal was applied for, in chambers, by petition. The prayer of the petition is for service of citation on the testamentary executrix, and the court, in granting the appeal, so ordered. However, service was made by the sheriff on the attorneys of record for the executrix, instead of upon her, although she was at the time a resident of the state.

Prior to the passage of Act 179 of 1918, regulating, among other things, the service of legal process, the law provided that service of citation of appeal should be made upon the appellee, if he resided in the state, and upon his advocate, if he did not, and in default of an advocate, upon a curator ad hoc, appointed to represent him. Code of Practice, art. 582, as amended by Act 78 of 1878. Even prior to the passage of Act 179 of 1918, the alleged defect here relied on would not have been ground for dismissing the appeal, but, had correct service been demanded, time would have been granted to correct the de-

fect, for the alleged defect here complained of was not imputable to appellant, who prayed for service on the appellee, and not upon her attorneys of record. Revised Statutes, § 36; Borde v. Erskine, 33 La. Ann. 873; Cockerham v. Bosley, 52 La. Ann. 65, 26 So. 814. However, since the passage of Act 179 of 1918, we think that the alleged defect complained of is not a defect at all. In that act it is provided that, after suit has been brought and the defendant has appeared through counsel, service of all other process in the suit, except garnishment process, may be made upon the defendant's attorney of record, and that this rule is also applicable to the plaintiff and his attorney, after the suit has been filed. Act 179 of 1918, subsec. 16 of section 1, p. 339. We think that this provision authorized the sheriff to make service of citation on appellee's attorney of record, although appellee was a resident of the state at the time of service. The motion to dismiss is therefore denied.

[2] The testamentary executrix urges in this court her exception that Mrs. Berger and her husband, who allege themselves to be respectively the tutrix and the cotutor of the Manuel minors, are without legal right to represent them, and to stand in judgment for them. It is not questioned by the litigants herein that Mrs. Berger, the mother of these minors, while still the widow of Manuel, qualified in 1919, as their natural tutrix, nor is it questioned by the opponents that, after she had so qualified, she married her present husband, in January, 1920, without the advice of a family meeting, recommending that she be retained in the tutorship. In fact, the record justifies the conclusion that she did so qualify, and did so marry, as above stated.

The law, as it stood, when Mrs. Manuel married Berger, provided that, if the mother, who was tutrix to her children, wished to marry again, she should apply, previous

to the celebration of the marriage, to the judge, for the convoking of a family meeting to decide whether she should remain tutrix, and that, if she failed to have such a meeting called, the effect of her failure would be to deprive her ipso facto of the tutorship, and to make her liable with her husband for the consequences of maladministration of the tutorship, unduly kept. Civil Code, art. 254; Succession of Foley, 34 La. Ann. 129, citing Webb v. Webb, 5 La. Ann. 596; Minors Mossy, 3 Rob. 393; Succession of Puck, 9 La. Ann. 306. The law also provided that, after having so forfeited the tutorship, the tutrix could not thereafter be appointed natural tutrix, but only dative tutrix. Succession of Foley, supra. And in Grant v. Maier, 32 La. Ann. 51, it was held that, where a natural tutrix has forfeited the tutorship by remarrying, and has not been appointed dative tutrix, she is without power to bind the minors.

Mrs. Berger and her husband do not question that such was the law, nor do they contend that she was, after her second marriage, appointed tutrix, with her husband as cotutor but their contention is that by the passage of Act No. 34 of Ex. Sess. 1921, giving to women the same rights, authority, privileges, and immunities as men, and requiring them to discharge the same obligations and duties, under the law, that men are required to discharge and perform, in the holding of office, including the civil functions of tutor, undertutor, administrator, executor, arbitrator, notary public, and member of family meetings, she became reinstated, without further procedure, in the tutorship of her children. The contention is that the act is remedial, and should be given the retrospective effect contended for.

In Rhymes' Tutorship, 153 La. 639, 96 So. 501, it was held that this act supersedes article 254 of the Civil Code, and that, therefore, where a woman marries again without pro-

voking a family meeting to retain her in the tutorship, she does not thereby forfeit the tutorship. However, in that case the mother was appointed natural tutrix after her second marriage and after the passage of the act of 1921. The effect of that decision is simply that, since the passage of the act of 1921, the mother by marrying again, without provoking a family meeting, does not forfeit the tutorship, and that, if she was not appointed tutrix, prior to her second marriage, she does not forfeit her right to be appointed natural tutrix by so remarrying. The case, however, does not hold that a natural tutrix who, prior to the passage of the act, forfeited the tutorship by her marriage, became reinstated by the mere passage of the act, without further proceedings, looking to her reappointment, in the tutorship. Nor can the act reasonably be interpreted so as to give it the effect of reinstating a tutrix in the tutorship, who, by her marriage prior to the passage of the act of 1921, forfeited her office. Having forfeited it, another appointment is necessary, and the reappointment, we think, since the passage of the act of 1921, may be as natural tutrix. In the case at bar the tutrix, after the forfeiture, was not reappointed.

For the foregoing reasons, we feel constrained to sustain the exception. Mrs. Berger and her husband are without authority to represent the minors and to stand in judgment for them. It is true, as suggested by counsel for the opponents, the minors may have rights requiring protection, but if so, concerning which we express no opinion, their mother should qualify as their tutrix and protect them.

For these reasons, the judgment appealed from is annulled and set aside, the exception of lack of authority to sue and stand in judgment is sustained, and the said opposition is dismissed.