**KIDD v. TALBOT.**

No. 4499.

Court of Appeal of Louisiana.
Second Circuit.
April 28, 1933.

H. W. Ayres, of Jonesboro, for appellant.

Scarborough & Barham, of Ruston, for appellee.

MILLS, Judge.

Wesley Kidd, an ignorant, illiterate negro, owed to the Citizens' Hardware Company, of Jonesboro, a bill upon which they sued, obtained judgment, and seized his car and wagon. To settle the judgment and costs required the sum of $139.75. Wesley induced S. M. Talbot, defendant herein, to join with him in executing a note for the above sum, which was given to the hardware company in satisfaction of their claim.

To secure Talbot from any loss on account of the note, plaintiff gave to Talbot his note for $350, secured by chattel mortgage upon the automobile. Subsequently, plaintiff received from the government a check for $352.-70. Talbot and Wesley went to the bank together. The check was deposited and the bank teller instructed to give Talbot a check to cover the balance due on the hardware company note; Wesley having made a pay-

ment of $10 on it. The teller in error gave Talbot a check for $222.92, overpaying him to the amount of $93.17. The hardware company note was paid, canceled, and turned over to Wesley, but Talbot refused to give him back the $350 chattel mortgage note or to repay him the $93.17 received admittedly in error. Instead, Talbot secured the issuance of executory process for the full amount of the mortgage note.

Wesley Kidd brings this action to enjoin the executory proceedings on the ground of payment, and to obtain judgment ordering the cancellation of the note.

A preliminary injunction issued and was made permanent, and, on final hearing, Talbot was further enjoined from in any manner whatsoever attempting to collect from Wesley Kidd on the chattel mortgage note, "until and unless the validity of said note is established." It was further decreed in said judgment "that the right be reserved to S. M. Talbot to establish, if he can, by legal process the validity of the above described note and the consideration thereof, in a court of justice."

Talbot's suspensive appeal was answered by plaintiff, who prayed that the judgment be amended so as to order the unconditional cancellation of the chattel mortgage note.

Defendant, Talbot, answered plaintiff's petition, admitting the facts set out above, except as to the consideration for the chattel mortgage note. He alleged that it was given in connection with an agreement between him and plaintiff, wherein he was to sell to plaintiff a parcel of land situated in the quarters of Jonesboro, Jackson parish, La.; that Kidd immediately went into possession of the property and gave the note in pledge to secure the performance of the contract in all its terms, and the payment of the purchase price thereof.

In the alternative, if for any reason it should be found that he was not entitled to the issuance of executory process, he prays for judgment via ordinaria on the note, less a credit of $93.17.

█ On the trial, at the beginning of his defense, Talbot admitted that he had no written agreement with plaintiff as to the purchasing of land. Whereupon plaintiff's counsel immediately objected to any parol testimony to prove any such agreement. The testimony was admitted subject to the objection, and the objection and ruling made general.

The objection should have been sustained and the testimony excluded.

Article 2275, Revised Civil Code:

"*Immovables—Transfers Required to be Written—Verbal Sales Good as Between Parties on Admission by Vendor and Actual Delivery.*—Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the property thus sold."

Article 2440, Revised Civil Code:

"*Immovables — Sale — Method — Verbal Sales.*—All sales of immovable property shall be made by authentic act or under private signature.

"Except as provided in Article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted."

█ The provisions of these articles apply equally to agreements to sell immovables. Revised Civil Code, art. 2462; Raper's Heirs v. Yocum, 3 Mart. (O. S.) 424; Nicholls v. Roland, 11 Mart. (O. S.) 190; Anderson v. Smith, 4 La. Ann. 525; Halsmith v. Castay, 17 La. Ann. 140.

█ Evidence as to possession under a sale is not admissible where the sale itself cannot be proven, Grafton v. Fletcher, 3 Mart. (O. S.) 486; except when confessed on oath, Hoover v. Miller, 6 La. Ann. 204.

Plaintiff in the present case, when interrogated on oath, denied any agreement to purchase.

Excluding this testimony, the defenses must fail unless the facts as testified to created a natural obligation as contended by defendant, and such obligation is sufficient to support his demands. A natural obligation is thus defined in subdivision 2 of article 1757 of the Revised Civil Code: "A natural obligation is one which can not be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice."

There are four kinds of natural obligations, the first being: "Such obligations as the law has rendered invalid for the want of certain forms or for some reason of general policy, but which are not in themselves immoral or unjust." Subdivision 1, article 1758, R. C. C.

Article 1759 of the Revised Civil Code provides:

"Although natural obligations can not be enforced by action, they have the following effect:

"1. No suit will lie to recover what has been paid, or given in compliance with a natural obligation.

"2. A natural obligation is a sufficient consideration for a new contract."

█ The defendant contends that the giving of the chattel mortgage to secure the performance of the agreement to purchase was such a new contract. Conceding the agree-

ment to have been proven, the giving of the chattel mortgage was a part of it and not a new contract within the meaning of subdivision 2 of article 1759.

The cases cited by defendant, Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678, Wagnon v. Schick, 139 La. 347, 71 So. 534, McCreight 'v. Leavel, 156 La. 156, 100 So. 289, are not in point.

In the present case there is only one contract involved, the defendant attempting to enforce the payment of the consideration for it though it has not been performed and no performance is tendered.

We think the judgment appealed from is correct, in so far as it perpetuates the injunction, but is erroneous in its reservation of the right to defendant to establish the validity of the note in question by legal process in a court of justice.

He has had his day in such a court. The evidence satisfies us that the debt which the note was given to secure has been paid.

The judgment is accordingly amended by striking therefrom the above reservations by making the injunction absolute and unconditional and by ordering the cancellation of the chattel mortgage note. As thus amended, the judgment is affirmed; defendant to pay all costs.