Dauterive vs. Shaw et als.

---

## No. 11,780.

### L. GASTON DAUTERIVE VS. J. W. K. SHAW ET ALS.

The father during the marriage is clothed with the functions of the tutor in respect to the property of his child, and may petition for the family meeting to consider the expediency of selling such property at private sale. Civil Code, Art. 22; Revised Statutes, 2359; Act. No. 25 of 1878.

The under-tutor is properly appointed on such petition and is entitled to ask for the homologation of the proceedings. Civil Code, Art. 225.

Nor will it make the least difference that the order of the court designates the father in such case tutor, when in fact he is competent to exert the functions of tutor.

The parish courts, under the Constitution of 1868, were competent to grant orders for family meetings and homologate their proceedings in such cases, and a sale made in accordance with the judgment of homologation passed the title to the minors' property. Const. 1868, Arts. 87, 63; Act No. 25 of 1878; Duruty vs. Musacchia, 42 An. 359; Bruhn vs. Building Association, *Ibid.*, 482.

The decree of homologation in such case protects the purchaser especially when the objection suggested to the title is that the family meeting gave no reasons for their recommendation of the sale. Lalanne's Heirs vs. Moreau, 13 La. 431; Succession of Hawkins, 35 An. 593.

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia. *Voorhies, J.*

---

*Foster & Broussard* and *L. O. Hacker* for Plaintiff and Appellant:

Tender of purchase price not required, as a condition precedent, in this case, in which plaintiff avers that he has been deprived of his property by a fraudulent conspiracy and that he received no part of the proceeds of the sale. 34 An. 288; Gillespie vs. Twitchell, 33 An. 744.

When both parents of a minor, as in this case, are living, there can be no legal appointment of a tutor and under-tutor, and in case of any such appointments they are absolutely null and void, because the law, under such circumstances, knows of no such trusts or offices. 6 R. 364; 12 R. 172; 10 L. R. 92.

Before an immovable, in which a minor is interested as co-owner and proprietor, can be legally sold, it is necessary that a family meeting, legally constituted, shall set forth in its report that the sale is of absolute necessity or evident advantage and must give its reasons for its determination. And where, as in the instant case, it assigns no reasons why the sale of the minor's property is necessary, to his interest or of advantage to him and the petition asking for it assigns none, and it make no appraisement of the minor's interest in the property and does not define how much that interest is, the family meeting and all its proceedings are absolutely null and void. C. C., Art. 340; 30 An. 977; 13 La. 431; Act. No. 25 of 1878.

Where one claiming to be under-tutor, whose appointment is absolutely null and void, is present at a family meeting acting as under-tutor, the family meeting is null and void for want of the presence of an under-tutor.

An under-tutor can represent a minor only and it is his duty then to do so, when there is a conflict of interest between the tutor and his minor. And when in the case at bar there was no conflict of interest and the under-tutor, upon his petition, caused the family meeting to be homologated, the homologation was null and void, and without authority or sanction of law.

Where an immovable property is the personal property of a minor, owned by him in his own right in virtue of a *donation inter vivos*, it is in no sense a succession right, and the Parish Court as the Probate Court is without jurisdiction *ratione materiæ* in any and all judicial proceedings having for their purpose the divestiture of ownership and title of the minor.

The law favors a division in kind of property, and where the family meeting reports that it can not be and that it can only be divided by licitation and yet divides it in kind in the same report; such a position is so irreconcilable as to render the whole family meeting null and void.

Minors, as well as other persons, must be represented in any and all proceedings having for their object a judicial investigation of any right in which they are concerned; especially is it necessary that they be represented where the object of the proceedings is to divest them of ownership and title to an immovable. In the instant case the minor was not represented. 35 An. 288; 31 An. 389, and authorities cited in brief.

In partition proceedings, all parties interested must be made parties. 35 An. 288.

A person acting in the capacity of administrator or guardian, or as common agent, can not provoke a partition either among heirs or co-owners. 31 An. 802; 40 An. 577; 31 An. 389.

The plea of estoppel urged by defendants is without merit, either in law or justice, because the burden of proof was on those pleading it to prove it, and this they have failed to do; because they failed to show that the defendant in this suit, who invokes the plea of estoppel, was induced or influenced at the time of his purchase by any word, declaration, act or deed on the part of the plaintiff to make it.

That the proceedings by which plaintiff was attempted to be divested of his title were not under Art. 222 of the Revised Civil Code, but by one claiming to be tutor. That if they were conducted under said article they are nevertheless null and void because the manner and form of doing so was not such as the law prescribes when a tutor wishes to alienate and partition property of minors.

If, under Art. 222, and the jurisprudence referred to in brief, B. D. Dauterive was only the administrator or guardian of the property of the minor, it is well settled that an administrator can not provoke a partition among co-owners and co-heirs.

*Ex parte* partition proceedings provoked by one with no shadow of interest or title in the thing sought to be partitioned and conducted in a court without jurisdiction *ratione materiæ* are absolutely null and void. And the fact that one of the co-owners of age signs the deliberations of the family meeting does not change the jurisprudence, and has no effect as a ratification, and, so far as concerns the other co-owners, is an absolute nullity, and can not be ratified.

The acts from which the ratification of a contract is to be deduced must evince such intention clearly and unequivocally; none will be inferred when those acts can otherwise be explained. 12 An. 253; 13 La. 175; 17 L. 286.

Defendants can not ignore the defects of their titles; the illegal proceedings which form the basis of their titles are set out at length in the act of transfer; they did not believe that their vendor, B. D. Dauterive, was the owner of the property, because the act

recites that he was selling the property of plaintiff, his minor son; and having had notice of the defect of their titles, they are purchasers in bad faith (10 An. 646). In 6 Rob. 192 it was held that a possessor under a decree of court having no jurisdiction is not a possessor in good faith. On p. 212, same book, it is said: "The possession and title upon which the fruits and revenues can be retained must be such as the party must have to entitle him to the prescription of ten years. In 24 An. 253 this court has said: "A title resting upon a judgment absolutely null can not be the source of any legal right, nor of possession in good faith."

The decree of the Probate Court, which forms the basis of defendant's titles, is an absolute nullity for want of jurisdiction.

---

*Weeks & Weeks, C. H. Mouton, Robert Martin* and *Walter J. Burke* for Defendants and Warrantors, Appellees:

In this action none but absolute nullities can be examined. Dauterive vs. Opera House Association, 46 An. 1317.

The test of the jurisdiction of parish courts in partitions was twofold. First, to partition all succession property; this was derived from the *status of the property* and was *ratione materiæ*. Secon:, to partition property in which *minors* were interested, regardless of how held or whence derived. This was because of the *status of the persons* as minors, and was *ratione personæ*. 40 An. 500; 7 N. S. 469; 2 An. 150; 12 La. 214; 42 An. 109; 6 La. 423; 10 La. 90; 9 La. 580.

The closing clause of Art. 87 of the Constitution of 1863 allowed the Legislature to confer upon parish courts any jurisdiction not already vested elsewhere. 21 An. 478. The right to authorize the partition of property owned in common by majors and minors, by private sale, was a *new* power not hitherto vested in any court whatever. The Legislature properly could and did confer it upon the parish courts. Acts 134 of 1869 and 25 of 1878.

Act 25 of 1878 expressly empowers tutors to ask :or the partition by private sale of property which their minors own in common with majors. And when both parents are alive, the father may sell or take any other step affecting their minor children's

property that the tutor might.   But in such cases there must be
an under-tutor *ad hoc* appointed.   C. C. 222 ; C. C. 235.

No citation was necessary.   Besides, the major co-owner partici-
pated in the proceedings.   He was present at the family meet-
ing, heard the petition read, signed the *proces verbal* of their
deliberations and the deed of sale.   This participation binds.
him.   42 An. 481.

Friends were properly substituted for those relatives named who
did not attend the family meetings.  C. C. 287; 45 An. 858.  Nor
could such substitution affect the validity of the deliberations as
to third parties purchasing.   47 An. 38.

The *absence of reasons* in the deliberations of a family meeting "can
not affect a third person who purchased property by its advice
duly homologated by the courts."   45 An. 858; also 39 An. 56;
34 An. 1004; 43 An. 40; 35 An. 591.

The legality of the appointment of tutors and under-tutors *ad hoc,*
and the alleged irregularities in the proceedings of family meet-
ings can only be questioned in direct actions of nullity.   46 An.
1317; 46 An. 326; 44 An. 400; also 39 An. 579; 39 An. 56; 35.
An. 591; 32 An. 364; 30 An. 268.

Whether wise or unwise the determination of a family meeting, duly
homologated, that the property can not be divided in kind with-
out loss, or on any other matter within their province, binds the
minor, and protects third parties purchasing the property.   47
An. 38; 32 An. 954; 31 An. 35; 13 An. 364.

The formalities requisite to partitions by public sale do not apply to
partitions by private sale.   " In the latter it is enough where the
co-proprietors agree that the family meeting find the necessity
or propriety of the sale advantageous to the minors, and that,
with the concurrence of the tutor, the court homologate the de-
liberations, and order the sale for the price fixed by the family
meeting.   42 An. 359; 42 An. 481.

When both parents are alive the recordation of the inventory of the
minors' property operates a mortgage on the parents' property
in the minors' favor.   And if not a mortgage this inscription is.
at least the evidence of the claim of the minors against their
parents.   R. S. 2367, 2392; C. C. 3350.

B. D. Dauterive having sold the property of his children became

liable to them for the proceeds. The liability was represented by the inscription of the inventory in the mortgage books.

Where, as in this case, the claim of the minors against their father for the proceeds of the sale of their property is represented by an inscription in the mortgage books, and the minors, many years after attaining majority, authorize the cancellation and erasure of any and all inscriptions in their favor and against their said father; and in authentic act assign as their reason for so doing that the claim represented by said inscription had long ago been settled by their said father, they authorize the canceling of each of such inscriptions, no matter how numerous, and admit having received settlement from their father of their claim against him for the proceeds of the sale.

Where a minor arrived at majority receives the proceeds of the sale of his property made during his minority, and long afterward appears in authentic act and admits having been settled with, and authorizes the cancellation of the inscription representing his claim, he estops himself from afterward claiming the property itself. 2 La. 519; 3 R. 256; 6 An. 651; 5 An. 574; 4 An. 148; 2 An. 142; 1 An. 339; 4 R. 134; 7 L. 17; 6 R. 430; 2 An. 648; 32 An. 121; 3 An. 664; 29 An. 212; 39 An. 809. Even to claim the proceeds of the sale of property ratifies the sale. 41 An. 555; 37 An. 323; 34 An. 410; 30 An. 330; 29 An. 274; 23 An. 246; 31 An. 719, 31 An. 103; 17 La. 454.

To ratify a sale is to make it actually valid. It cures all defects, and no action for nullity can be brought after ratification. C. C. 1875, 2272, 1785, 2228; 2 La. 519; 2 An. 367, and authorities above referred to.

Defendant is the undisputed owner of two-thirds of the property, and, if not owner of, is a possessor in good faith of the remainder. If liable for rent at all, he is only so liable for rent accruing since the date of filing this suit. C. C. 3453; 38 An. 150; 27 An. 398.

As a possessor in good faith, defendant must be reimbursed the three thousand dollars enhanced value of the property given to it by the improvements which he and his authors have placed thereon. C. C. 508; 38 An. 150; 27 An. 398; 2 Rob. 187; 26 An. 588; 15 An. 698.

And, until so reimbursed, he is entitled to detain possession of plaintiff's one-third interest in the property. C. C. 3453; 10 R. 178; 13 An. 512; 10 An. 327. And this without being subject to any claim for rent. 33 An. 298.

Argued and submitted, April 25, 1895.
Opinion handed down, May 6, 1895.

The opinion of the court was delivered by

MILLER, J. The plaintiff sues to have his title recognized as owner of one-third of certain property held by the defendants under a sale based on the proceedings of a family meeting and judgment of homologation of the parish court of Iberia, directing the sale of the interest of the plaintiff, then a minor. From the judgment in defendants' favor, plaintiff appeals.

In 1879 the father of the plaintiff petitioned the Parish Court for the holding of a family meeting of the relatives or friends of the minor to advise as to the private sale of his interest in the property sued for. The meeting was held in accordance with the order, the proceedings directing the sale homologated, and defendants became the purchasers.

The contention of the plaintiff is that the minor was not represented in the proceedings for the sale, and that the Parish Court had no jurisdiction.

It is true that during the marriage there can be no tutorship, incidental as it is to the death of one of the parents (Civil Code, Art. 250). But it is equally true that the father, during the marriage, is clothed, in regard to the property of his minor child, with all the power of the tutor. Property belonging to the minor, both of whose parents are living, may be sold or mortgaged, or any other step taken affecting their interest, in the same manner and with the same forms as in case of minors represented by tutors, the father occupying the place and being clothed with the powers of the tutor. Civil Code, Art. 222. This article, not in the old Code, needs no comment. It plainly applies to the case here of a sale of the minor's property, on the advice of a family meeting provoked by the father, and the proceedings approved by the judge, the same as a tutor would have acted if there had been a tutorship; the Act No.

25 of 1878 authorizes the sale of a minor's property at private sale, when, on the tutor's application, a family meeting advises the sale, appraises the property, fixes the terms, and the proceedings of the meeting are approved by the judge. Act 1878, p. 47, amending Act of 1869, p. 207, now Sec. 2667 Revised Statutes. It is urged that the father applied to be appointed tutor, and was so appointed. The father and mother applied for the making of an inventory, and asked for the appointment of an under-tutor *ad hoc*, the petition stating that the father occupied the place, was clothed with the powers of a tutor, and closed with the prayer that the proceedings be carried on contradictorily with the under-tutor and after the appointment of the father as tutor. The order of the court appointed the under-tutor, and the father as tutor. In the subsequent petition for the family meeting he styles himself the tutor. The proceedings were homologated on the petition of the under-tutor. Giving the father the name of tutor does not, in our view, affect his capacity to act as father. It was, in effect, the action of the parent designated by law to ask for the meeting and make the sale. It is urged, too, there was no under-tutor, because, it is claimed, there was no tutor; but the article of the Code that empowers the father to exercise the functions of tutor provides that when, in such case, the sale or mortgage of the minor's property is contemplated, the judge shall appoint an under-tutor, contradictorily with whom the proceedings shall be conducted. This appointment was made by the competent court, and on his application the proceedings of the meeting were homologated and the sale ordered. We think, therefore, the contention that the minor was not represented must fail.

In the petition for the family meeting, it is alleged the major heir desired a partition, threatened a suit and a private sale was necessary. It is urged that no reasons for a private sale are assigned on the petition nor in the proceedings of the meeting. The plaintiff insists this vitiated the proceedings. In the case cited, in this connection, the Supreme Court maintained an injunction to restrain the sale on a mortgage based on the proceedings of a family meeting. But there were a variety of considerations influencing that opinion. In this case the petition did assign the reason that a forced sale was threatened, and the economy of a private sale and the averting of a sacrifice of the property were also assigned. We do not think that the proceedings of a family meeting and the judg-

ment of homologation on which a third party has bought and paid the price can be avoided on this ground. Our jurisprudence, we think, maintains titles of purchasers in good faith, based on judgments homologating the proceedings of family meetings, directing sales of minors' property. See Lalanne's Heirs vs. Moreau, 13 La. 431; Succession of Jacob Hawkins, 35 An. 593.

The plaintiff assails the competency of the Parish Court to partition the property owned by the plaintiff and his sister and brother coming to them, not by succession, but by donation. This vexed question, we think, was finally deemed settled that the Parish Court had that jurisdiction in all cases where a minor was interested. But in this case the proceedings of the meeting, their homologation and sale, passed the title. There can be no question of the authority of the Parish Court to order the meeting and render the judgment of homologation. That court is designated by the statute. Under the statute and adjudication there was no necessity for any suit, and hence no necessity for any discussion of the old question of the jurisdiction of partition suits. Bruhn vs. Building Association, 42 An. 482; Duruty vs. Musacchia, 42 An. 359.

It is urged, too, that the property was divisible in kind. It is, we think, the province of the meeting to consider that and all other questions touching the advantage *vel non* of the sale. Their action, when approved, must be accepted as conclusive.

The view we express disposes of the case and renders unnecessary other questions discussed in plaintiff's brief.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed at plaintiff's costs.