## No. 2486

### Second Circuit

---

## GOSPEL v. SOUTHERN CARBON COMPANY

---

(February 8, 1926, Opinion and Decree)
(May 7, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 160 (g).**

The widow of an injured employee is barred by Subsection 1 of Section 31 of Act No. 20 of 1914 the Workmen's Compensation Law for compensation after one year after the death of the employee.

2. **Louisiana Digest—Master and Servant —Par. 160, 160 (a), 160 (g).**

Under Subsection 1 of Section 16 of the Workmen's Compensation Act No. 20 of 1914 the fact that the widow of the deceased employee forfeited her right by not suing within a year after the death of the employee cannot deprive the dependent minor children of their right under the law.

3. **Louisiana Digest—Master and Servant —Par. 154, 160 (a).**

Subsection 2 (j) of Section 8 of the Workmen's Compensation Act No. 20 of 1914 as amended by Act 43 of 1922 provides that an appointment of a tutor is not necessary except when there are no surviving parents but this does not have the effect of depriving the minor children of their rights under the act due to any negligence of the widow.

4. **Louisiana Digest—Master and Servant —Par. 154, 160.**

The situation of a minor from the standpoint of being able to claim compensation under the Workmen's Compensation Act No. 20 of 1914 in case where the parent for any reason neglects or declines to invoke in his or her behalf is the same as if the minor had no parent.

ON THE MERITS

5. **Louisiana Digest—Master and Servant —Par. 158.**

Where it appears that there is a causal connection between the risk of the employment and the accident, in this case caused by striking a match to light a cigarette it is the rule to allow compensation although the risk of the employment may have been only a contributing cause.

6. **Louisiana Digest—Master and Servant —Par. 154, 160.**

Under Section 8 of Subsection 2 of the Workmen's Compensation Act No. 20

of 1914 as amended by Act 43 of 1922 the right to recover compensation by the widow and the minors is considered distinctively and consequently can be separate.

(The recent amendment of Section 8 of Act 20 of 1914 is Act No. 216 of 1924. Editor's note.)

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Percy Sandel, Judge.

Action by Augusta Gospel, individually and as tutrix against Southern Carbon Company for compensation for the death of husband and father. There was judgment for defendant insofar as the claim of the widow was concerned and for plaintiffs, the minor children. Defendant appealed.

Judgment affirmed.

Geo. Wesley Smith, of Rayville, attorney for plaintiff, appellee.

McHenry, Montgomery, Lamkin and Lamkin, of Monroe, attorneys for defendant, appellant.

ODOM, J. This is a suit under the Workmen's Compensation Act (Act 20 of 1914 and amendments).

On September 28, 1922, Arthur Gospel was working for the defendant company and while assisting in the installation of a gasket in a gas regulator; he struck a match to light a cigarette, causing the gas to explode, as a result of which explosion he was so badly burned that he died on October 12th following.

Surviving him were his wife, Augusta, Gospel, and two children, Willie, aged 5 years and Arthur, less than 4 years old.

On March 30, 1925, Augusta Gospel, the widow of the deceased, and mother of the said minor children, was appointed Natural Tutrix of said minors and on the same day she qualified by taking the oath prescribed by law.

On that date, which was two years, five months and eighteen days subsequent to the death of Arthur Gospel, this suit was filed by the widow, individually and as tutrix, to recover compensation under the Workmen's Compensation Act as amended by Act 43 of 1922.

Defendant plead prescription of one year under section 31 of the act. This plea was sustained by the lower court as to the claim of the widow but overruled as to the claim of the minor children, and judgment was rendered in favor of the two children for forty-five per cent of $13.50 for 300 weeks.

From this judgment the defendant prosecutes this appeal.

The plaintiff, Augusta Gospel, did not appeal, nor has she asked that the judgment be amended.

ON THE PLEA OF PRESCRIPTION

Subsection 1 of Section 31 of Act 20 of 1914 reads as follows:

"That in case of personal injury (including death resulting therefrom) all claims for payment shall be forever barred unless within one year after the injury or death the parties shall have agreed upon the payments to be made under this Act, or unless within one year after the injury proceedings have been begun as provided in sections 17 and 18 of this act * * *."

Under this section of the act there is no question but that whatever action Augusta

Gospel may have had for compensation on account of. the death of her husband is barred.

But, insofar as the minors are concerned, another question is involved, for section 16, subsection 1, of the same act provides:

"That in case an injured employee is mentally incompetent or a minor or where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor, at the time when any right, privilege or election accrues to him under this Act, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this Act provided for, shall run, so long as such incompetent or minor has no curator or tutor as the case may be."

If Arthur Gospel, the deceased, had left no widow but only the two minor children, the case from the standpoint of prescription as to the claim of the minors, would be entirely free from doubt, for they had no tutor appointed for them until the day on which this suit was filed, and under the plain letter of the law prescription does not run against them so long as they have no tutor.

But counsel for defendant contend—

First, that where the mother or father of the minor child or children survives it is not necessary, under the act, that a tutor be appointed; that the mother or father, as the case may be, is there to represent the minors without being formally qualified as tutor or tutrix, and that therefore prescription runs against the minors; and,

Second, that under the act, compensation is due and shall be paid entirely to the widower or widow for the common benefit of such widower or widow and the minor children, and that, to quote from their brief—

"* * * therefore the claim of the surviving widow is for the entire amount of compensation due for the injury causing the death of Arthur Gospel" and that—

"* * * the failure of the surviving widow to be confirmed as natural tutrix did not prevent prescription from running, and the entire claim being barred by her failure to prosecute the claim within one year after the death of the husband, inasmuch as section 8, paragraph 2, subsection (j) clearly provides that the appointment of a tutor is not necessary, except when there is no surviving parent".

It is true that subsection (j) of paragraph 2 of section 8 of the act does provide that where there is a surviving widow or widower and a child or children the compensation shall be paid entirely to the widow or widower, but it goes further than that and provides that it shall be paid—

"* * * for the common benefit of such widow or widower and the child or children".

In case the employee sustains injuries in the course of his employment such as to disable him to earn wages, the law provides that the employer shall pay to him certain amounts sufficient to sustain him in a measure until he is again able to resume his labors and earn compensation; and in case of his death, it provides that this compensation shall be paid to his dependents, especially designating these who are entitled to receive it. In case the employee leaves a wife and children, they are made the beneficiaries of the compensation in order that they may sustain themselves. In case of the death of the husband, the

widow receives the compensation for 'the joint benefit of herself and the minor children of the deceased, in order that she may sustain herself and the children. In case the deceased leaves no wife or husband but dependent minor children, the compensation inures to the benefit of the children.

So that .in either event the dependent minor children are entitled to the compensation.

The fact that the widow or widower of a deceased employee for any reason forfeits her or his right to claim the benefit of such compensation for herself or himself, cannot deprive the dependent minor children of their right to claim and receive it.

If the law were otherwise, the dependent children could not, in case a father or mother survived, receive the compensation unless such father or mother willed to accept it.

Such a rule could easily work great hardship upon dependent minor children. Let us suppose, for instance, that in the case at bar the wife of the deceased and mother of the children had abandoned her husband and children previous to his death and at the time of his death was residing in another state and did not wish to return and accept the benefits of the act, it could hardly be said that for that reason the children would be deprived of the compensation? Such, however, would be the result if counsel's contention be correct. Such was never intended by the lawmaker.

These dependent children can no more be deprived of their rights under this act because of the negligence of the mother than they could be deprived of a legacy or inheritance because the mother. refused or neglected to qualify as their tutrix and claim it for them.

Counsel are correct in their contention that the mother in this case had a right to claim and accept the compensation without qualifying as tutrix. Under the plain letter of the Civil Code and under repeated decisions of our Supreme Court, surviving parent may appear in court and prosecute defend actions for or against their minor children without qualifying as tutor or tutrix; but we are not aware of any law compelling them to do so.

The question of parents' responsibility for failure to qualify as tutor or tutrix and to protect the rights of their minor children is another matter. The act under consideration specifically provides that where there is a surviving parent the compensation shall be paid to him or her and that the appointment of a tutor shall not be necessary. That means, as we see it, nothing more than that the survivor is not required to qualify in order to receive the compensation for the benefit of herself and the children; but it by no means implies that the right of the dependent minors to receive compensation is dependent upon the will or disposition of the parent to accept the benefits of the act in his or her favor.

The situation of a minor, from the standpoint of being able to claim compensation under the act in cases where the parent for any reason neglects or declines to invoke the act in his or her behalf is the same as if the minor had no parent. To hold otherwise, would be to make the minor's right depend entirely upon the will of the parent.

We cannot give assent to counsel's contention, especially in view of the fact that the act is to be construed liberally in favor of the employee and his dependents.

Having held that the minors in this case, being dependents of the deceased, are entitled to compensation under the workmen's compensation act, regardless and independent of any right accruing thereunder to the mother, and it appearing that no tutor was appointed for them until the day on which the suit was filed, it necessarily follows that the plea of prescription is not well founded.

Section 16 of the act specifically provides that where a dependent is a minor at the time the right or privilege accrues under the act, and has no tutor—

"* * * no limitation of time in this act provided for shall run so long as such incompetent or minor has no curator or tutor

The plea of prescription, as to the minors, was properly overruled.

## ON THE MERITS

WEBB, J.    The decedent, Arthur Gospel, while in the employ of the defendant at a weekly wage of thirteen and 50-100 dollars received injuries in an explosion of gas, which injuries caused his death.

Decedent, with other employees of defendant, was engaged in installing a gasket on a gas regulator which was situated in a house or room about eight feet square, and in the course of the work of installation, certain bolts being removed, gas escaped from the regulator into the room.

It further appears decedent and his fellow employees were aware of this fact and that decedent, while the work was in progress, turned aside and moved towards the door, lighting a cigarette, and the flame from the match ignited the gas which had accumulated in the room, causing the explosion.

It also appears that decedent had been warned and requested by one of his fellow employees not to smoke or light the cigarette.

The plaintiff contends that the evidence shows the accident to have arisen in the course of and out of decedent's employment and although it appears decedent was negligent his negligence cannot be considered in determining the right of plaintiff to recover.

The plaintiff's contention appears to be that one of the risks of the employment was the danger of an explosion of the gas and that there was a causal connection between the risk of the employment and the injuries received.

Had the explosion resulted from a spark thrown off while the workmen were lifting or working upon the fixture, there could be no doubt as to the accident arising in the course of and out of the employment and in this respect, at least, it is clear that one of the hazards of decedent's employment was due to danger of the gas exploding.

The statute is intended to provide protection to the employees against all risks to which they may be exposed by the employment (Dyer vs. Rapides Lumber Co., 154 La. 1091, 98 South. 677), and where appears there is a causal connection between the risk of the employment and the accident, it is the rule to allow compensation, although the risk of the employment may have been only a contributing cause.

As to the amount of recovery.

Decedent was injured and died from the injuries in 1922, subsequent to the amen

ment of Act No. 20 of 1914 by Act No. 43 of 1922, and in view of the construction which we have placed upon the statute, on the plea of prescription, in which the right to recover by the widow and the minors is considered distinctively, we are of the opinion that the amount which can be recovered for the benefit of the minors is thirty-five per cent of the weekly wages of decedent.

It is therefore ordered that the judgment appealed from be amended and the amount of compensation due the minors be fixed at thirty-five per cent of thirteen and 50-100 dollars for three hundred weeks, and as thus amended the judgment is affirmed.