No. 3861

Second Circuit

ROSS v. LOUISIANA LONG LEAF LBR. CO.

(February 26, 1931. Opinion and Decree.)

Fern M. Wood, of Leesville, attorney for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellee.

WEBB, J. This action instituted on April 16, 1930, by Ludie Ross, who was appointed tutrix on March 21, 1930, to her minor child, Will Ross, issue of her marriage with Edward Ross, against defendant, Louisiana Long Leaf Lumber Company, to recover judgment for compensation on behalf of the minor who is alleged to be under eighteen years of age, for the death of his father, which is alleged to have resulted from an accidental injury sustained by him while engaged in the service of defendant.

Defendant excepted that the petition failed to state a right or cause of action, and especially pleaded the prescription of one year, under the provisions of the employers' liability statute (section 31, Act No. 20 of 1914, as amended). The exception and plea being submitted on the face of the pleadings, the plea of prescription was sustained, and judgment rendered dismissing plaintiff's suit, from which she appeals.

In presenting the cause here, the parties confine their discussion solely to the plea of prescription, and we have stated only the allegations of the petition which were relevant to that issue, from which it appears that a period of six years and four months had elapsed since the death of the father of the minor, and it is conceded that, if the provisions of section 31 of the statute, as amended by Act No. 85 of 1926, which read in part as follows: "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death * * * the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this act," are applicable to minors, the plea was properly sustained and the suit dismissed.

However, in construing the provisions of section 31, with the provisions of section 16, subd. 1, as amended by Act No. 38 of 1918, which read: "That in case an injured employee is mentally incompetent or a minor or where death results from the injury, in case any dependent is herein defined as mentally incompetent or a minor, at the time when any right, privilege or election accrues to him under this act, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this act provided for, shall run, so long as such incompetent or minor has no curator or tutor as the case may be," it has been held that prescription did not begin to run against the minor until a tutor had been appointed. Gospel v. Southern Carbon Co., 4 La. App. 272; Wilson v. Lyon Lumber Co., 7 La. App. 169; Wells v. White-Grandin Lumber Co., 13 La. App. 696, 129 So. 171.

Appellee does not attempt to distinguish the cases cited from the present case; it urges, however, that the provisions of section 8, subsec. 2(G), of the statute, as amended by Act No. 85 of 1926, which provide that, "Where there is a surviving widow, widower, and child or children, entitled to compensation, the compensation * * * shall be paid entirely to the widow or widower, * * * child or children, and the appointment of a tutor shall not be necessary. Where there is no surviving parent, and a child who is entitled to compensation, payment shall be made to the duly appointed tutor," when read with the provisions of sections 31 and 16, show that it was the intention of the Legislature that prescription would run against the minor, where either of its parents were living.

A like contention was made and considered in Gospel v. Southern Carbon Co., supra, and there is not, we think, any reason to depart from the ruling in the cases cited, especially as section 31 is a statute of prescription (Norwood v. Oil Co., 145 La. 823, 83 So. 25), and under the general law prescription does not run against minors (articles 3522 and 3554, C. C.).

It is therefore ordered that the judgment appealed from be avoided, that the plea of prescription be overruled, and the cause remanded to the district court for further proceedings, according to law. It is further ordered that defendant pay all cost of appeal.