## HEIDECKER v. FIDELITY & CASUALTY CO. OF NEW YORK.
### No. 4784.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Harry V. Booth, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

MILLS, Judge.

Counsel for plaintiff and appellant conceding that the facts and issues in this case are correctly set forth in the brief of the appellee, we quote from it:

"Charles Heidecker, representing himself as the tutor of the minor Margie Nell Nelson, brought this suit under the Workmen's Compensation Act of the state of Louisiana (Act No. 20 of 1914, as amended) to recover for the death of Edward Nelson, the father of Margie Nell Nelson, which occurred on September 27th, 1924. The defendant filed a plea of one year's prescription, as provided in section 31 of Act No. 20 of the Legislature of the State of Louisiana for the year 1914 as amended by section 1 of Act No. 85 of the year 1926.

"From a judgment of the District Court sustaining this plea of one year's prescription the plaintiff has appealed.

"The allegations of plaintiff's petition are that Edward Nelson while in the employ of the Southwestern Gas & Electric Company was electrocuted on September 27th, 1924, and that the defendant, the Fidelity & Casualty Company of New York, carried compensation insurance for the Southwestern Gas & Electric Company; that on January 9th, 1925, Sadie Heidecker Nelson was appointed and qualified as natural tutrix of her minor child Margie Nell Nelson. It is alleged that the Fidelity & Casualty Company of New York paid compensation to Mrs. Sadie Heidecker Nelson for the joint benefit of her and her posthumous child, Margie Nell Nelson, from September 24th, 1924, to December 31st, 1926; but have made no payments since that time.

"In paragraph nine it is alleged that Sadie Heidecker Nelson was married to Leslie C. Knighton on February 6th, 1927; and in paragraph ten that previous to the celebration of this marriage there was no family meeting held or order of court recommending that Sadie Heidecker Nelson should be retained as tutrix of her minor child, and this paragraph also contains the legal conclusion that from February 6th, 1927, until June 1st, 1933, when Charles Heidecker was appointed tutor of the minor Margie Nell Nelson that Margie Nell Nelson was without a tutor or tutrix and unrepresented.

"Section 31 of Act No. 20 of the Legislature of Louisiana for the year 1914, as amended by Act No. 85, § 1, of the year 1926, reads as follows:

"'In case of personal injury (including death resulting therefrom) all claims for pay-

ments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident, proceedings have been begun as provided in sections 17 and 18 of this act. Where however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.'

"Under this section, when taken in connection with section 16 of Act No. 20 of the year 1914, as amended by section 1 of Act No. 38 of the year 1918, which reads:

" 'In case an injured employee is mentally incompetent or a minor or where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor, at the time when any right, privilege or election accrues to him under this act, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this act provided for, shall run, so long as such incompetent or minor has no curator or tutor as the case may be,'

—the one year's prescription begins to run against minors from the date that a tutor or tutrix has been appointed. Rose v. Louisiana Long Leaf Lbr. Co., 16 La. App. 264, 133 So. 804; Wells v. White-Grandin Lumber Co., 13 La. App. 696, 129 So. 171; Wilson v. Lyon Lumber Co., 7 La. App. 169; Gospel v. Southern Carbon Co., 4 La. App. 272.

"As Mrs. Sadie Heidecker Nelson was appointed tutrix of the minor Margie Nell Nelson on January 9th, 1925, and as no compensation has been paid since December 31st, 1926, the plea of one year's prescription under section 31 of Act No. 20 of the Legislature of the State of Louisiana for the year 1914, as amended by Act No. 85 of the year 1926, was properly sustained, unless plaintiff's conclusion of law contained in paragraph ten of the petition is correct, which conclusion of law is to the effect that from February 6th, 1927, until June 21st, 1933, the date on which Charles Heidecker was appointed tutor for the minor, the minor was without a tutor or tutrix. We presume that this theory of plaintiff is based upon Civil Code, article 254, which reads:

" 'If the mother, who is tutrix to her children, wishes to marry again, she must, previous to the celebration of the marriage, apply to the judge in order to have a meeting of the family called for the purpose of decid-

ing whether she shall remain tutrix. If she shall neglect to call such a meeting, she shall be ipso facto deprived of the tutorship, and together with her husband shall be answerable in solido for all the consequences of the maladministration of the tutorship unduly kept by her, and the estate of the husband shall be legally mortgaged as a security for that responsibility from the day that the mortgage has been inscribed in the manner required by law.' "

The contention of plaintiff that the marriage of the mother without the convoking of a family meeting deprived her of her tutorship would be correct were it not for the provisions of Act No. 34 of 1921 (Ex. Sess.). Section 1 of this act reads: "Be it enacted by the Legislature of Louisiana, That women are hereby given the same rights, authority, privileges, and immunities, and are required to perform the same obligations and duties, under the law, as men possess and are required to perform, in the holding of office including the civil functions of tutor, under tutor, administrator, executor, arbitrator, notary public, and member of family meeting."

In the case of In re Rhymes' Tutorship (Opposition of Patterson), 153 La. 639, 96 So. 501, our Supreme Court has held that this act supersedes article 254 of the Civil Code. Consequently, a mother, appointed natural tutrix after its passage, does not forfeit the tutorship by remarrying without the convocation of a family meeting.

This decision is questioned by Justice O'Niell in the case of In re Pelham, 155 La. 1021, 99 So. 857, but in Succession of Le Blanc, 165 La. 935, 116 So. 389, it is followed and reaffirmed and remains the rule which we must follow.

Therefore Sadie Heidecker Nelson continued to be the natural tutrix of the minor, Margie Nell Nelson, from the date of her appointment at least until June 21, 1933, the date of the appointment of Charles Heidecker.

The last payment of compensation was made December 31, 1926. The minor being represented by a tutrix, by the plain terms of the Compensation Act the prescription of one year began to run on that date, and has not been interrupted for more than six years.

The case of Gospel v. Southern Carbon Co., 4 La. App. 272, merely holds that the fact that a surviving parent may claim and receive the compensation due the minor child, and does not do away with the provision that as to the rights of the minor prescription does not be-

gin to run until the appointment of a tutor, and in no way conflicts with the cases cited above.

For the reasons above given, the judgment sustaining the plea of prescription and dismissing plaintiff's suit is affirmed.