176 So.2d 420

**Odis TURNER, administrator of the Estate of the minor, Doris Marie Turner,**

**v.**

**CONSOLIDATED UNDERWRITERS.**

No. 47627.

June 7, 1965.

Dissenting Opinion June 18, 1965.

See also 247 La. 414, 171 So.2d 667.

Simon, Carroll, Fitzgerald & Fraser, Richard A. Fraser, Jr., Shreveport, for defendant-appellant-relator.

John P. Godfrey, Many, for plaintiff-respondent.

SANDERS, Justice.

This is an action for workmen's compensation brought by plaintiff as administrator of the estate of his minor daughter, Doris Marie Turner. In his petition, he alleged that the child was a dependent member of the household of McKinley King, who was killed in the course of his employment on May 23, 1957.

The defendant insurer filed an exception of prescription and peremption of one and two years, exceptions of no cause and no right of action, and an answer denying

particularly that the minor daughter was a dependent member of the employee's household.

The district court overruled all exceptions. On the merits, it found that the minor was a dependent member of employee's household and rendered judgment in favor of plaintiff awarding compensation at a rate of $17.55 per week for 400 weeks. Plaintiff appealed, reurging the exceptions in the Court of Appeal.

The Court of Appeal affirmed the district court's judgment. 170 So.2d 199. On application of defendant, we granted certiorari to review the Court of Appeal's judgment "limited to the issue of prescription." 247 La. 414, 171 So.2d 667.

Admittedly, more than six years elapsed between the employee's death and the filing of this suit. When suit was filed, the dependent child was 12 years of age.

The defendant insurer contends that both parents of the minor child were living; that they were neither divorced nor separated; that no tutor could be appointed for her; that the father at all times was authorized to file suit in behalf of his child; hence, the claim is "forever barred" under LSA–R.S. 23:1209,[1] because the suit was not filed within one year after the employee's death.

Plaintiff, on the other hand, contends that prescription does not run against minors, except in cases specifically provided by law; that the Louisiana Workmen's Compensation Act, in LSA–R.S. 23:1234, provides that no limitation of time shall run against a minor so long as the minor has no "tutor"; that the term, *tutor,* does not include a father as administrator of the minor's estate.

Article 3522 of the Louisiana Civil Code sets forth the general rule as to prescription against minors:

> "Minors and persons under interdiction can not be prescribed against, except in the cases provided by law."

LSA–R.S. 23:1234 deals specifically with limitations of time as applied to minors in workmen's compensation proceedings:

> "In case an injured employee is mentally incompetent or a minor or,

1. "In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."

where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor at the time when any right, privilege or election accrues to him under this Chapter, his *duly qualified* curator or *tutor,* as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this Chapter provided for, shall run, so long as such incompetent or minor has no curator or *tutor,* as the case may be." (Italics ours.)

■ Since 1926, the courts have construed this section to mean that no limitation of time runs against a minor unless he has a duly qualified tutor. Prescription is not activated by the existence of a parent who may institute an action without formal appointment as tutor. Cashio v. Thibodeaux & Standard Acc. Ins. Co., La.App., 40 So.2d 31 (1949); Ross v. Louisiana Long Leaf Lumber Co., 16 La.App. 264, 133 So. 804 (1931); Wells v. White-Grandin Lumber Co., 13 La.App. 696, 129 So. 171 (1930); Wilson v. Lyon Lumber Co., 7 La.App. 169 (1927); and Gospel v. Southern Carbon Co., 4 La.App. 272 (1926), certiorari denied July 3, 1926.

In Cashio v. Thibodeaux & Standard Ins. Co., supra, the Court had before it a case, like the present one, in which both parents of the minor were living. It held that since the minor had no "duly qualified tutor," prescription did not run until he reached the age of majority.

In Gospel v. Southern Carbon Co., supra, the Court rejected the contention that prescription ran against the minor child because the mother was authorized to represent the child without qualifying as tutor, saying:

"The situation of a minor, from the standpoint of being able to claim compensation under the act in cases where the parent for any reason neglects or declines to invoke the act in his or her behalf is the same as if the minor had no parent. To hold otherwise, would be to make the minor's right depend entirely upon the will of the parent."

In Louisiana Workmen's Compensation Law and Practice, § 384, p. 501, Dr. Wex Malone, an eminent authority, states:

"Accordingly it has been held consistently that prescription does not begin running against a minor until after a tutor has been appointed. This is not affected by the fact that the minor had continuously lived with its parent who, under the Act, is authorized to institute an action on the minor's behalf without a formal appointment as tutor."

A comment in 24 Tulane Law Review 197, 204 sums up the law as follows:

"Regardless of whether a minor has no parents, one parent, or both parents living who can bring a compensation suit in his behalf, the claim of a minor is not barred until one year after he is emancipated or reaches majority. * * *"

∎ The insurer has seriously questioned the previous construction of LSA–R.S. 23:1234, particularly that in Cashio v. Thibodeaux & Standard Acc. Ins. Co., supra, a case in which both parents of the minor child were living. We are disinclined, however, to disturb the jurisprudence on this point. The statute is explicit. It refers only to duly qualified tutor, not to parent or administrator of a minor's estate. The Legislature has seen fit to protect a minor's right to compensation from the inaction or neglect of its parents. We do not question legislative policy. Moreover, as we have frequently said, the Workmen's Compensation Act is remedial and should be liberally construed in favor of the beneficiaries.[2]

∎ We conclude, as did the Court of Appeal, that the exception of prescription or peremption lacks merit.

For the reasons assigned, the judgment of the Court of Appeal is affirmed at defendant's costs.

HAWTHORNE, J., dissents.

SUMMERS, Justice (dissenting).

If prescription [1] can run against a minor whose parents are deceased and for whom a tutor has been appointed, why should not prescription also run against a minor whose parents are living and whose father occupies the place of and has the power of a tutor?

Is the orphan to be less favored by the law than other children?

The majority rests its holding upon a Court of Appeal decision which reasons that if the parents are living and decline to invoke the act on behalf of the minor it is the same as if the minor had no parent and to hold otherwise would be to make the minor's rights depend entirely upon the will of the parent. See Gospel v. Southern Carbon Co., 4 La.App. 272 (1926). If we adopt that idea, must we not say that in the case where the parents are dead and a tutor is appointed for the minor and the tutor declines to invoke the act on behalf of the minor it is the same as if the minor has no tutor and to hold otherwise would be to make the minor's rights depend entirely upon the will of the tutor.

---

2. See Danielsen v. Security Van Lines, Inc., 245 La. 450, 158 So.2d 609, and the authorities therein cited.

1. Prescription as used herein has the same meaning as limitation of time and the pre-emption period, all of which are sometimes used to refer to the time within which rights may be asserted under the Workmen's Compensation Act.

If the minor's rights are to depend upon the will of someone, it seems that the natural and logical conclusion to draw is that it is best that they should depend upon the will of the parent, for the parent is more concerned with the child's interest than anyone else. All of our law is based upon the wisdom of that natural law.

Thus, if the court is repelled at the idea that the rights of the minor should depend entirely upon the will of the parent, when both are living, it should more readily be repelled by the idea that the rights of the minor should depend entirely upon the will of a tutor, who is often a remote relative or possibly a stranger.

Acceptance of these propositions, and I submit that we cannot accept one without accepting the other, would result in the inevitable conclusion that if either the parent or the tutor fails to file suit timely, no prescription can be invoked against the minor—a result which is clearly repugnant to the legislative declaration that prescription does apply to claims for compensation on behalf of minors when they are properly represented. R.S. 23:1209, 23:1234.

The foregoing emphasizes the error of the majority opinion on basic principles. These propositions illustrate that there is neither justice, logic nor reason supporting the majority view.

I am unwilling to perpetuate the error committed by the Courts of Appeal of this State in the cases cited in the majority opinion. 24 Tul.L.Rev. 197 (1949).

This whole case revolves around the intent of the legislature when it enacted R.S. 23:1234 dealing with prescription to be applied to claims of minors under the Workmen's Compensation Act. That enactment provides:

"In case an injured employee is mentally incompetent or a minor or, where death results from the injury, in case any dependent as herein defined is mentally incompetent or a minor at the time when any right, privilege or election accrues to him under this Chapter, his duly qualified curator or *tutor*, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this Chapter provided for, shall run, so long as such incompetent or minor has no curator or *tutor*, as the case may be." (Emphasis added.)

In my view the father of the minor here is a *tutor* within the meaning of the quoted section. We have always held that during the marriage the father is clothed, in regard to the property and interest of the minor child, with all the powers of a tutor. Dauterive v. Shaw, 47 La.Ann. 882, 17 So. 345 (1895). Article 4501 of the Code of Civil Procedure so declares in these words:

"When both parents are alive and not divorced or judicially separated, prop-

erty belonging to a minor may be sold or mortgaged, a claim of a minor may be compromised, and any other step may be taken affecting his interest, in the same manner and by pursuing the same forms as in case of a minor represented by a tutor, *the father occupying the place of and having the powers of a tutor * * *.*" (Emphasis added.)

This article had its counterpart in Article 222 of the Civil Code, which it repealed. See also La.Civil Code arts. 216, 221.

A minor is as thoroughly and properly represented by a parent, when both are living as he is by a tutor; and that is the key to the meaning of "tutor" in R.S. 23:-1234—it means that prescription should not run against a minor who has no qualified representative in the law to assert his rights.

Any other conclusion leads to an absurd result, as no tutorship can exist during marriage when parents are not legally separated from bed and board. Blades v. Southern Farm Bureau Casualty Insurance Co., 237 La. 1, 110 So.2d 116 (1959); Acosta v. Robin, 7 Mart.,N.S., 387 (La. 1829); State v. Judge of Parish of Orleans, 6 La. 363 (1834).

Thus, if we accept the word "tutor" to mean what the majority says it means, no suit could be filed on behalf of this minor while his parents are alive and not judicially separated, because the father does

not fall within the definition of "tutor" as the majority defines that word and the rights of a minor under the act must be asserted by a "tutor".

Still the father here is permitted to institute suit to enforce the minor's rights just as a tutor could do (and I think properly so); whereas, when it comes to the meaning of the word "tutor" when prescription against the minor is an issue the majority (I think erroneously) holds that prescription may not be invoked because the father is not a tutor.

This makes it clear to me that where this section refers to "tutor" when it speaks of asserting the rights of minors it necessarily must have the same meaning as the word "tutor" when the section speaks of the prescription applicable to minors.

Furthermore, the strained interpretation that the court has placed on this section brings the case squarely in conflict with the public policy of this State regarding the limitation of time for filing compensation claims. That policy has been expressed as follows:

" * * * the purpose of the requirement that a suit be brought by the claimant within one year is, (1) to enable the employer to determine when his potential liability for an accident would cease, (2) to prevent, as a matter of public policy, suits based on stale claims where the evidence might

be destroyed or difficult to produce, and (3) to fix a statute of repose giving rise to a conclusive presumption of a waiver of the claim." Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So. 2d 209 (1945); Harris v. Traders & General Ins. Co., 200 La. 445, 8 So.2d 289 (1942).

Under the court's decision an employer can be confronted with a stale compensation claim, say twenty years after the accident, when he would obviously, in most cases, be unable to defend himself because the evidence would probably then be destroyed or difficult to produce.

I respectfully dissent.