GULOTTA, Judge.
The trial judge maintained a plea of prescription in a workmen’s compensation case. Plaintiffs appeal. We affirm.
Plaintiffs, duly qualified tutors and co-administrators of the estate of minor children, filed suit on January 13, 1977 for workmen’s compensation death benefits allegedly owed to the minors as a result of the children’s father’s death on June 17, 1975.[1] Plaintiffs had been appointed tu-trixes for the minors on December 31, 1975. The suit filed in January, 1977 was met with a plea of prescription which was maintained.
LSA-R.S. 23:1234, relating to applicable prescriptive periods where minors are involved, states:
§ 1234. Minors and mental incompetents; rights and privileges, by whom exercised; prescriptions applicable
“In case an injured employee is mentally incompetent or a minor or, where death results from the injury, in case any *725 dependent as herein defined is mentally incompetent or a minor at the time when any right, privilege or election accrues to him under this Chapter, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this Chapter provided for, shall run, so long as such incompetent or minor has no curator or tutor, as the case may be.”
From a reading of this section, it is clear that the one-year prescriptive period for making workmen’s compensation claims, including those for death benefits, as set forth in LSA-R.S. 23:1209, does not commence to run until such time as a tutor has been appointed. See Turner v. Consolidated Underwriters, 248 La. 37, 176 So.2d 420 (1965). Accordingly, a suit for death benefits on behalf of minors in a workmen’s compensation case, filed on January 13, 1977 by tutors who had been duly confirmed on December 31, 1975, has prescribed.
We find no merit to plaintiffs’ contention that the prescription provision should not apply because of an unfortunate set of extenuating circumstances, i. e., that the mother of the minor children resided in the State of Washington, that the tutors were all aged, that one of them is, for all practical purposes, blind and that the tutors were not aware of the existence of the possibility of the minors’ entitlement to death benefits under the workmen’s compensation act. We know of no authority, other than statutory, for interruptions of prescriptive periods. The Legislature has made no provision for the interruption of prescription because of the existence of extenuating circumstances.
Furthermore, on December 26, 1976, judgment was rendered in the trial court in favor of the surviving spouse’s claim for death benefits. At that time,'the tutors could have filed a timely claim, on behalf of the minors, for death benefits, albeit only a few days remained to do so.
Under the circumstances, we are compelled to affirm the judgment of the trial court maintaining the plea of prescription. The judgment is affirmed.

AFFIRMED.

. The deceased father had been married twice. The children involved in this suit were bom of the first marriage which ended in divorce. In a separate suit, the second wife sought and received death benefits under the workmen’s compensation act.