LABORDE, Judge.
Plaintiff, Jeannie M. Cupp, the widow of Russell G. Cupp, instituted this suit seeking workers’ compensation death benefits. Cupp named Russell’s former employer, S & D Construction Company, Inc., and its compensation insurer, Liberty Mutual Insurance Company, as defendants. All issues were settled prior to trial except the issue of whether Liberty Mutual was arbitrary and capricious in their disbursements of benefits making them liable for statutory penalties and attorney’s fees. The trial court determined that under the facts and circumstances of this case, Liberty Mutual was not arbitrary and capricious. Therefore, the trial court denied Jeannie’s claim for penalties and attorney’s fees. Jeannie appeals this adverse ruling. We affirm.
The sole issue presented is whether the trial court was correct in finding that Liberty Mutual was not arbitrary and capricious and thereby denying Jeannie’s claim for penalties and attorney’s fees.
*1260 On February 20, 1981, Russell G. Cupp, a lineman employed by S & D Construction Company, was electrocuted during the course and scope of his employment. Russell was survived by Jeannie Cupp, his wife, Russell G. Cupp, Jr., a son through his marriage with Jeannie, Randall Cupp, a son of a previous marriage and Angela Marie Cupp, a daughter of a previous marriage. At the time of Russell’s death, Tracy Hultman, Jeannie Cupp’s daughter by a previous marriage was living with her mother and Russell.
Liberty Mutual Insurance Company, S & D’s compensation insurer, was notified in early March, 1981, of a claim for compensation benefits asserted by Jeannie for herself and on behalf of Russell, Jr. and Tracy Hultman. Liberty’s claim adjuster contacted Jeannie through her attorney and requested certain documents necessary to evaluate her claim.[1] These documents were received by Liberty shortly thereafter and all funeral and medical bills were promptly paid.
After receiving these documents, Liberty learned of Russell’s previous marriage and children by that marriage. To determine that Jeannie was Russell’s legal spouse at the time of his death, Liberty requested copies of the divorce judgments rendered in both prior marriages. While waiting for these documents, Bobbie Jean Cupp Ryder, Russell’s former wife, made a formal demand for all workers’ compensation benefits due Randall and Angela as a result of the death of their father.
Faced with these competing claims, Liberty gathered all the necessary documents and information needed to evaluate the proper disbursement of benefits. After careful study, Liberty tendered a proposal for disbursement of the maximum payable benefits to all the claimants involved.
Jeannie responded to this proposal by filing suit against Liberty for failure to pay compensation benefits. Liberty then filed a concursus proceeding to determine ownership of the compensation benefits.
All matters were settled prior to trial except the issue of whether Liberty was liable for statutory penalties and attorney’s fees pursuant to LSA-R.S. 22:658. The trial court ruled that Liberty was not arbitrary and capricous and thereby denied Jeannie’s claim. Jeannie appeals this ruling of the trial court.
We note at the outset that the determination of whether an insurer is arbitrary and capricious in its refusal to pay benefits is a factual determination which is to be determined upon the merits of each case. Moreau v. Houston General Ins. Co., 386 So.2d 151 (La.App. 3rd Cir.1980). The findings of a trial court on factual issues in a workers’ compensation case are entitled to great weight and are not to be disturbed except on a showing of manifest error. Newell v. United States Fid. & Guar. Co., 368 So.2d 1158 (La.App. 3rd Cir.1979). With these principles in mind we turn to the record of this case.
The record reveals that Liberty encountered some delay in receiving the documents and information necessary to process the claims filed by Jeannie and Bobbie Jean Ryder. Further delay was caused when only a partial copy of the divorce decree of Russell’s marriage to Bobbie Jean Ryder was received. This partial copy was signed by a judge in 1976 which lead Liberty to believe that the divorce was obtained in 1976. If this had been the case a serious question as to the validity of Russell’s marriage to Jeannie in 1974 would have arisen. As it turned out, the matter was clarified when the entire document was received showing that the divorce was obtained in December, 1973.
After finally receiving all the requisite information, Liberty then faced the issue of the proper disbursement of compensation to each claimant, if indeed each claimant was entitled to compensation. Liberty was obligated to pay compensation *1261 only to the legal dependents of Russell at the time of his death. Durbin v. Argonaut Ins. Co., 393 So.2d 385 (La.App. 1st Cir. 1980). Since Jeannie and Russell, Jr. were the only claimants conclusively presumed to be wholly dependent under LSA-R.S. 23:1251, a factual issue existed as to whether Angela, Randall and Tracy were dependents.
The record shows Angela and Randall received $30.00 per week in child support from Russell which, assuming this payment was necessary to maintain their standard of living, would make them Russell’s dependents.
Tracy was not the daughter of Russell. Nevertheless, she is not precluded from being classified as a dependent since the term “family” has been construed to mean other minor children living with and actually dependent on the deceased at the time of his death. Turner v. Consolidated Underwriters, 170 So.2d 199 (La.App. 2nd Cir.1964) affirmed, 248 La. 37, 176 So.2d 420 (La.1965).
After determining the issue of dependency, a second factual issue confronted Liberty. A determination of whether Angela, Randall and Tracy were wholly or partially dependent had to be made in order to compute the specific amount of compensation owed to each claimant. Given the present factual situation and the somewhat unclear statutory provisions and jurisprudence regarding claimants’ wholly and partially dependent and the amount they are to be compensated, we appreciate the difficult task Liberty was facing.
We also note that in April, 1981, and again in June, 1981, Liberty made a cumulative compensation payment to Jeannie. These payments were made even though Jeannie’s entitlement to benefits had not been fully established.
After reviewing the record, we cannot conclude that the trial court was manifestly erroneous in finding that Liberty was not arbitrary and capricious. We agree with the trial court that Liberty faced a dilemma both in fact and in law in resolving these claims. Therefore, we affirm the trial court’s denial of Jeannie’s claim for penalties and attorney’s fees.
For the foregoing reasons the judgment of the trial court in favor of Liberty Mutual Insurance Company and against Jeannie M. Cupp denying her claim for statutory penalties and attorney’s fees is affirmed. All costs are to be assessed to plaintiff, Jeannie M. Cupp.
AFFIRMED.
DOMENGEAUX, J., concurs.

. These documents were Russell’s death certificate, funeral bills, marriage certificate and birth certificates of dependent children.